THE SIGEL-CAMPION LIVE STOCK COMMISSION COMPANY, *Appellee*, v. JAMES HASTON, *Appellant*.

No. 16,262.

SYLLABUS BY THE COURT.

1. JURY TRIAL—*Equitable Proceeding—Title to Real Estate.* In an action to foreclose a real-estate mortgage one of the defendants filed a cross-petition, in which it claimed to have a paramount lien upon the mortgaged premises. Another defendant filed an answer to the cross-petition, in which he denied the validity of the cross-petitioner's lien and claimed to be the owner of the land. The plaintiff thereupon dismissed his petition, and upon the request of the cross-petitioner the trial proceeded upon the issues made between the cross-petition and the answer thereto. The answering defendant demanded a jury, which was denied; but a jury was called, to which was submitted the controlling question in the controversy. A special verdict was received and a judgment entered thereon in favor of the cross-petitioner. *Held*, not error.

2. ——— *Liens—Judgment—Petition—Demurrer.* The cross-petition in this case examined and held to state a cause of action as against a demurrer.

Appeal from Reno district court; PETER J. GALLE, judge. Opinion filed February 12, 1910. Affirmed.

*Frank L. Martin,* for the appellant.
*Prigg & Williams,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Reno county by J. M. English to recover judgment on a promissory note and to foreclose a real-

estate mortgage given to secure the note. Several parties who appeared to have some interest in the mortgaged premises, including the appellant and the appellee, were made parties defendant and were duly served with summons. The appellee appeared and filed an answer and cross-petition, which alleged in substance:

"That on the 5th day of April, 1904, it obtained, in the district court of Reno county, Kansas, a judgment against Mary J. Haston for $19,460 and interest; that in March, 1905, execution issued on the judgment and was levied upon the real estate in controversy to satisfy the judgment; that there was a balance due of $12,000 at that time; that the sheriff of the county levied the execution upon the said section 9 as the property of Mary J. Haston, advertised it, and sold it to the Sigel-Campion Live Stock Commission Company for $8000, that company being the highest and best bidder; that since said sale eighteen months' redemption had expired and the cross-petitioner had obtained a sheriff's deed to the real estate, which it had caused to be duly recorded in the office of the register of deeds as required by law. Further, the cross-petitioner alleged that it acquired a valid lien upon the property by reason of the execution, sale and purchase, and that it became the absolute owner of said real estate, subject to the redemption as provided by law; that its lien, by virtue of the judgment, is superior to the interest and rights of the plaintiff and all of the defendants. Further, that at all the times in controversy and at the dates alleged in the plaintiff's petition, the legal title to the land was in Mary J. Haston, and that up to the time the same was sold under the execution, Mary J. Haston was the owner of the same, but that after the sale the defendant [appellee] became the owner of the real estate, subject to redemption as provided by law."

The appellant filed a demurrer to this cross-petition, on the ground that it did not state facts sufficient to constitute a cause of action against him. This demurrer was overruled. The appellant then filed an answer to the cross-petition, in which he denied that

42—81 KAN.

the title to the land was in Mary J. Haston at the date of the alleged judgment, and averred that at that date and before that time he was the owner in fee simple of the land and in the actual, open, notorious and peaceable possession thereof; that Mary J. Haston had no right or title therein, except that she held the land in trust for him; that he purchased the real estate and took the deed in the name of Mary J. Haston without any intent to defraud anyone, and upon the agreement that she would hold the land in trust for him.

The appellee filed a reply denying the allegations of the answer and setting forth that the appellant, by reason of certain admissions made, was estopped from claiming the title and the ownership of the property.

Thereupon the plaintiff, English, dismissed his petition, and at the request of the appellee the trial proceeded upon the issues made by its cross-petition and the answer of the appellant. The latter demanded a jury, to which the former objected. The court then decided to call a jury for the purpose of making certain special findings of fact advisory to the court. To this the appellant objected and excepted, and demanded that if a jury was called it be directed to return a general verdict upon all of the issues in the usual form used in an action for the recovery of land, which demand was refused. After the evidence had been presented the following special question was submitted to the jury and by it duly answered and returned into court:

"Ques. Was Mary J. Haston the owner of section nine (9), township twenty-two (22), range ten (10) west of the sixth principal meridian, in Reno county, Kansas, on April 5, 1904? Ans. Yes."

The abstract does not show the plaintiff's petition, nor does it contain the evidence given, nor the cross-petition or other pleadings. Their substance is taken from the statement contained in the brief of counsel. We assume that this court is not expected to consider

any question not presented by the abstract.   The argument of counsel indicates that the most important question in the case arises upon the demurrer of the appellant to the cross-petition.   The prayer of the cross-petition is not given, and it does not appear what remedy the appellee thought it was entitled to under these facts.   We think, however, that the facts, if established, would justify a decree adjudging that the appellee had a lien upon the land which was superior and paramount to that of the appellant, and as it does not appear from the abstract what conclusion was finally reached by the court we assume that such was its judgment.

In a foreclosure action such as this it is necessary to have all controversies settled concerning the title to the mortgaged premises so that the purchaser at the sheriff's sale will obtain an undisputed title.   It was proper, therefore, to have this controversy adjudicated in this action.   (*Bradley v. Parkhurst,* 20 Kan. 462; *Nooner v. Short,* 20 Kan. 624; *Milton v. Carroll,* 68 Kan. 803, 804.)

It was urged in argument that if this procedure be permitted it will result in people being dispossessed of their land without a trial by jury, but we are unable to see serious danger from this cause.   The same kind of trial with the same result would have occurred if the foreclosure action had proceeded as originally contemplated by the plaintiff.   The adjustment of the rights of contending claimants in foreclosure actions is a common and frequent procedure, and we do not understand that it necessarily leads to the results mentioned. And, further, it seems that under sections 266 and 267 of the civil code (Gen. Stat. 1901, §§ 4713, 4714) no question for a jury is presented by the controversy between these parties.   These sections are as follow:

"Issues of law must be tried by the court, unless referred.   Issues of fact arising in actions for the recovery of money, or of specific real or personal prop-

erty, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered as hereinafter provided.

"All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this code."

It appears, however, that the court did submit the controlling question of fact to a jury, and by a special verdict it was found that Mary J. Haston owned the land when the appellee obtained the judgment against her as pleaded. It follows as a matter of law that the judgment became a lien on the land in favor of the appellee, which was fatal to the claims of the appellant. Upon this question the appellant had an opportunity to present his case fully to the jury, and it does not seem that he has serious cause of complaint. His rights were not materially prejudiced thereby.

We conclude upon the whole case that the cross-petition states a cause of action against the appellant and that the court did not commit material error by its refusal to comply with his request as to a jury, and therefore the judgment of the district court is affirmed.