No. 21,784.

THE MANHATTAN STATE BANK, *Appellee*, v. THE WAMEGO STATE BANK, *Appellant*.

### SYLLABUS BY THE COURT.

1. MORTGAGEE IN POSSESSION—*Right to Compel Junior Incumbrancer to Redeem.* A senior incumbrancer of real property, who is in possession under circumstances which make it equitable, may maintain an action against a junior incumbrancer to compel the latter to redeem the property from the claim of the former, and the court may decree that unless the junior incumbrancer elects to redeem within a proper time he may be barred of his lien, and the title of the senior incumbrancer may be quieted against him.

2. SAME — *Minimum Time for Redemption — Quære.* Whether under the circumstances disclosed in paragraph 1 of the syllabus some statutory provision establishes a minimum time for redemption, not being urged, is left undecided.

3. SAME—*Legal Title Acquired by Mortgagee—Merger.* Rule followed that where the equitable rights of the holder of a mortgage, who afterwards procures the fee title of property, require that those interests be kept separate, the mortgage and the fee title do not merge against the will of the holder.

4. SAME—*Form of Action to Compel Junior Mortgagee to Redeem.* It is immaterial whether such an action be characterized as a suit in foreclosure or an action to require redemption under penalty of being debarred for failure to redeem, if the facts alleged and proved are sufficiently comprehensive to fit either case, and a judgment which substantially accords with either theory will be upheld.

55—Kan.—3099

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed December 7, 1918. Affirmed.

E. M. Brunner, of Wamego, for the appellant.

C. B. Daughters, of Manhattan, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit arose between the second and third mortgagees of a Riley county farm. Some years ago, D. J. Wolfong and wife owned the farm, which was subject to a first mortgage for $4,000 not involved in this suit. The owners gave the Manhattan State Bank, the plaintiff herein, a second mortgage on the farm to secure an indebtedness of $8,500. Later they gave the Wamego State Bank, the defendant herein, a third mortgage on the farm to secure an indebtedness of $837.33. Default was made on the principal and interest of the second mortgage, and to satisfy that indebtedness the mortgagors conveyed the property by deed to the Manhattan bank, subject to the first mortgage, which the plaintiff assumed. The plaintiff then entered into possession; and after a lapse of some months, in which nothing was done by defendant, the Manhattan bank brought this action to require the redemption of the property by the defendant within a reasonable time, or failing therein, that the defendant bank be barred of its lien.

Issues were joined, the plaintiff prevailed, and on January 16, 1918, the court decreed—

"That if said defendant shall fail within six months from this 16th day of January, 1918, to redeem from said plaintiff the real estate in controversy herein by paying to said plaintiff the sum of $8,697.70, with interest thereon at the rate of 8 per cent per annum from December 4, 1917, then that said defendant be forever barred from asserting any right, title or interest in or lien upon said real estate, and that the mortgage of said defendant upon said real estate be canceled and held for naught, as against said premises.

"And it is by the court further ordered and adjudged that in case said redemption be made as herein provided, then that said plaintiff shall convey said real estate to said defendant, subject, however, to a first mortgage thereon given to the Merriam Mortgage Company for $4,000.00, with interest thereon as the same may have accrued or hereafter accrue."

The third mortgagee appeals. On its behalf it is urged (1) that the demurrer to plaintiff's petition should have been sus-

tained, (2) that a similar ruling should have been made on its demurrer to plaintiff's evidence, and (3) that the plaintiff's remedy, if any, was a suit in foreclosure, and not an action to require redemption with the alternative of barring the junior mortgagee. So far as the evidence is concerned, it fully sustained the allegations of plaintiff's petition. The first and third errors cover the same point, and can be determined together. Under our code, the "label" of an action is unimportant. (Civ. Code, § 10.) If a petition recites all the material facts, the prayer for relief may be disregarded, as the court has power to decree whatever relief the facts alleged and proved will justify. (*Eagan v. Murray,* 102 Kan. 193, syl. ¶ 2, 170 Pac. 389.) The petition in this case alleged all the necessary facts upon which to base an action to require the junior incumbrancer to redeem or to bar it for failure to redeem; and the petition, with the same comprehensiveness, stated the necessary facts to warrant relief by foreclosure. Moreover, the judgment was virtually the same as would be rendered on foreclosure, unless, indeed, the time given to redeem—six months—be at variance with some pertinent provision of statute. However, the defendant does not complain of the redemptive period fixed by the court, and the court prefers not to conclude that point until it is squarely and necessarily controverted and properly briefed. Defendant's attitude is frankly stated by its counsel—

"The defendant asks for no affirmative relief, but is merely protesting against the plaintiff's attempt to bar it from the lien and legal rights under its mortgage."

Our own decisions, as well as those of other jurisdictions, hold that such an attitude is unjust, and that equity will relieve a senior lien holder in possession from that sort of a predicament, and will permit him to clear his superior title so that he can properly market his property. (*Henthorn v. Security Co.,* 70 Kan. 808, 79 Pac. 653; *Jaggar v. Plunkett,* 81 Kan. 565, 106 Pac. 280; *Tower v. Divine,* 37 Mich. 443; *Parker v. Child,* 25 N. J. Eq. 41; *Moulton v. Cornish,* 61 Hun, [N. Y.] 438, 16 N. Y. Supp. 267.)

There is no doubt that a senior mortgagee who acquires the legal title of his debtor is still entitled to be considered as a mortgagee with respect to third parties. His equitable lien and his later acquired fee title do not merge against his will, if

such merger would place him at a disadvantage with respect to others claiming an interest in the property. (*Shattuck .v. Bank*, 63 Kan. 443, 65 Pac. 643; *Loan Association v. Insurance Co.*, 74 Kan. 272, 86 Kan. 142; *James v. Williams*, 102 Kan. 231, 169 Pac. 1163.) ·

The propriety of an action by a superior claimant to property to compel an inferior claimant to redeem under penalty of being barred of his interest has been distinctly upheld by this court in *Henthorn v. Security Co.*, supra, and in *Jaggar v. Plunkett*, supra; and the court can discern no difference in principle between an inferior claimant who holds the fee title and one who holds a junior lien given by the holder of the fee title. The rights of the latter are neither greater nor less than those of the person under whom he claims.

The judgment is affirmed.