### DALLAS *v.* MOSELEY

### Opinion delivered October 17, 1921.

1. FRAUDS—STATUTE OF—EMPLOYMENT OF AGENT TO SELL LANDS.—A contract for the employment of an agent to find a purchaser of land is not within the statute of frauds.

2. PLEADING—DEMURRER.—A demurrer to an answer relates back to the complaint.

3. BROKERS—DUTY TOWARD PRINCIPAL.—In an action by a principal against his agent to recover a sum received by the agent as part payment on the purchase price of certain land, an answer which admitted that the agent received such payment, but alleged that the sale was not consummated, and that it was agreed between the agent and the purchaser that such part payment should be retained by the agent as compensation for his trouble in case the sale was not consummated, was demurrable.

4. PRINCIPAL AND AGENT—ACCOUNTING.—It is the duty of an agent to account for money of his principal received by him.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*A. Curl,* for appellant.

Equity will enforce performance of a verbal contract for the purchase of land where the purchaser has taken possession thereunder, and made improvements. 1 Ark. 391; 63 Ark. 100; 109 Ark. 310.

*Calvin T. Cotham,* for appellee.

The first duty of an agent is loyalty to his principal. He must account for funds received by him for his principal. 21 R. C. L. 829, 832, 833; 27 Cyc. 849.

The defense of the statute of frauds cannot be raised by demurrer. 25 R. C. L. 23 Ark. 594. A contract employing an agent to sell land is not within the statute of frauds. 87 Ark. 221; 83 Ark. 202; 90 Ark. 301; 102 Ark. 377; 98 Ark. 10.

HUMPHRIES, J. This is an appeal from the judgment of the Garland Circuit Court rendered on the pleadings in the case. The court overruled the demurrer of appellant to the complaint, and sustained appellees' demurrer to appellant's answer. Appellant stood upon his answer, and, on his refusing to plead further, the court rendered a judgment against him for $200, which had been received by appellant as part payment on the purchase price for certain land.

The gist of the complaint is that appellee, owner of the south half of the west half of the southwest quarter of section 12, township 3 south, range 20 west, listed it with appellant, a real estate dealer, for sale at the price of $4500, $500 of which was to be paid in cash as part payment on the purchase price of said property to bind the trade, agreeing to pay appellant as a commission for effecting the sale the sum of $300; that pursuant to the agreement a sale was effected to a Mr. Wood, from Houston, Texas, who paid appellant $200 as part of the purchase price, for the use of the appellee, agreeing to pay the remainder of the purchase price as soon as he could move from Texas to Arkansas; that a week or two later appellant informed appellee that Wood, the prospective purchaser, declined to consummate the deal and pay the balance of the purchase price; that thereupon appellee requested appellant to pay him the sum of $200 which he had received as part of the purchase price for said land to bind the trade, but that appellant refused to pay said sum to him, wrongfully converting the same to his own use.

The gist of the answer was that Mr. Wood verbally agreed to purchase the property through appellant, the agent, from appellee for $4500; that Wood paid appellant $200 with the understanding and agreement between Wood and appellant that, if Wood failed to pay for the place and take it, the $200 was to be the compensation of appellant for trouble and expense incurred in the transaction; that Wood failed to pay the $4500, and that no sale was consummated, and for that reason appellant had not received the sum of $200, or any other amount, for the use and benefit of appellee. The answer also embraced a plea that the entire transaction was not in writing, and was therefore void under the statute of frauds.

The ground of demurrer to the complaint was that the facts stated therein did not constitute a cause of action.

The ground of the demurrer to the answer was that the facts stated therein did not constitute a defense to the allegations of the complaint.

Appellant first contends that the court erred in rendering judgment in favor of appellee against appellant because the alleged agreement between appellee and appellant in the complaint related to the sale of a piece of real estate and, not being in writing, was void under the statute of frauds. Appellant insists that nobody was bound by the alleged oral agreement, and for that reason no rights or liabilities in favor of or against either party could grow out of the agreement. We do not think the statute of frauds applicable to contracts for the sale of real estate by a broker to third parties for the owners of land.

This court said, in the case of *Kempner* v. *Gans*, 87 Ark. 221, that "a contract employing an agent to find a purchaser for lands is not within the statute of frauds." This doctrine has been re-announced and adhered to in later cases. *Forrester-Duncan Land Co.* v. *Evatt*, 90 Ark. 301; *Vaught* v. *Paddock*, 98 Ark. 10; *Barr* v. *Johnson*, 102 Ark. 377.

Appellant also contends that the court erred in overruling the demurrer to the complaint, and sustaining the demurrer to the answer.

The demurrer to the answer relates back to the complaint, and we find no sufficient denial of the allegations of the complaint to the effect that appellant was acting in the capacity of agent for appellee to sell the tract of land in question upon terms therein specified, and that the $200 sued for was received by appellant as part payment of the purchase price for the land by Wood. It is true the answer denies that the initial payment was made to appellant for the benefit of appellee, but this denial is limited by an explanation which does not negative the allegations in the complaint that it was received for appellee's benefit. The explanation is that, under and by virtue of side agreement between appellant, appellee's agent, and Wood, the purchaser, the $200, in the event the sale was not consummated by the payment of the balance of the purchase money, should be regarded as compensation of appellant for the trouble and expense incurred by him in the transaction. Appellee was not apprised of any such agreement nor a party to it. It could in nowise bind him.

The gravamen of the complaint was an allegation to the effect that an agency was created for the sale of lands. The sufficiency of the answer to the issues tendered must be determined by the rules governing principal and agent in contracts for the sale of lands.

It was alleged in the answer that the initial payment of $200 was received by appellant as a forfeit for his personal use by way of reimbursement if the sale was not consummated. It was not alleged that appellee knew anything about this arrangement or authorized it. Under the rules of principal and agent such an agreement was beyond the authority conferred by appellee on appellant.

Loyalty is one of the first duties an agent owes to his principal. An arrangement such as is pleaded in the

answer between the agent and the purchaser, without the knowledge and consent of appellee, could not be regarded as loyalty of the agent to the landowner.

The rule is well expressed in the text in Ruling Case Law, vol. 21, p. 828. It is said there: "In the exercise of good faith, skill and diligence, the agent is bound to keep his principal informed of all matters that may come to his knowledge concerning the principal's rights and interests. For example, if, after receiving instructions to sell property on certain specified terms, the agent learns that other and more advantageous terms can be obtained, it is his plain duty, and he is under every legal and moral obligation to communicate the facts to the principal, that he may act advisedly in the premises."

The following enunciation at page 829 of the same work is applicable: "The doctrine is familiar that an agent cannot, either directly or indirectly, have an interest in the sale of the property of his principal which is within the scope of his agency, without the consent of his principal, freely given, after full knowledge of every matter known to the agent which might affect the principal."

The matter pleaded by way of defense to the allegations in the complaint was not and could not constitute a defense without full knowledge and consent of the appellee. Knowledge and consent on the part of the appellee was not pleaded. Under the pleadings as framed, therefore, the $200 received could have been received for no other purpose than the use and benefit of appellee. Under the allegations, it was not proper for appellant to appropriate the amount paid. It was his duty to account for it to his principal. It is the duty of an agent to account for money received by him for his principal. 21 R. C. L. p. 832.

The allegations in the answer not being sufficient to meet the issue tendered in the complaint, it was proper

to sustain a demurrer to the answer. We think the allegations of the complaint constituted a cause of action, and it was therefore proper to overrule the demurrer to the complaint.

No error having been committed by the court in its rulings on the demurrers, nor in the rendition of a judgment against appellant when he stood upon his answer and refused to plead further, the judgment is affirmed.