No. 27,215.

C. A. STACEY, *Appellee,* v. B. O. TUCKER et al., *Appellants.*

SYLLABUS BY THE COURT.

1. MORTGAGES — *Foreclosures — Effect Upon Junior Mortgagee Not Party.*
Where a senior mortgagee brought suit, foreclosed his mortgage and purchased the property at sheriff's sale, not having made a junior mortgagee a party: *Held,* (*a*) the junior mortgagee's rights were not affected by the proceedings; (*b*) the junior mortgagee was not barred for failure to redeem the land, and an action by the senior mortgagee afterwards to quiet title against the junior mortgagee was of no avail.

2. SAME — *Merger With Larger Estate.* Where a mortgagee of real estate acquires the legal title to the mortgaged property, the mortgage will become merged in the larger estate or not, as the mortgagee may desire or his interest require. (Following *Loan Association v. Insurance Company,* 74 Kan. 272, 86 Pac. 142.)

Appeal from Thomas district court; CHARLES I. SPARKS, judge. Opinion filed March 12, 1927. Reversed.

*John E. Wakeley* and *Walter H. Justin,* both of Omaha, Neb., for the appellants.

*E. F. Beckner,* of Colby, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy presents the questions whether or not a senior mortgagee must make a junior mortgagee a party to foreclosure proceedings in order to bar the latter's interest, whether the provisions of R. S. 60-3460, 60-3440 and 60-3441 limit the rights of a junior mortgagee who was not a party in foreclosure proceedings by his senior mortgagee, or whether, not having been a party to foreclosure proceedings, the interest of a junior mortgagee is affected thereby; also whether foreclosure of the senior mortgage and purchase of the property at sheriff's sale by the mortgagee amounted to such a merger or extinguishment of the mortgage as to make the junior mortgage a first lien on the land.

Briefly, the facts are these: On March 20, 1920, Charles D. Mc-Illnay, the then owner of the land in question, executed a first mortgage thereon to the plaintiff. About the same time, he executed a second mortgage on the same property to defendant Tucker and wife. On January 19, 1924, the plaintiff brought suit, foreclosed his

mortgage and purchased the property at sheriff's sale. The defendants were not made parties. They were living in another state, had no notice of and knew nothing of plaintiff's foreclosure suit. The plaintiff brought the present action to quiet title to the property. Tucker, having died, Mrs. Tucker filed an answer and cross petition asking foreclosure of her mortgage. A demurrer by plaintiff to her answer and cross petition was sustained and she appeals.

The plaintiff proceeded upon the theory and now contends that the Tuckers had the right to redeem from the sale, and not having done so are barred because the land once sold on order of sale is not again liable for sale to satisfy a junior lien.

The defendants contend that the provisions of the statutes under which plaintiff relies are not applicable because defendants were not parties to the foreclosure suit, and that the contentions of plaintiff carried to ultimate conclusion would result in a taking of their property without due process of law.

The statutes on which plaintiff relies (R. S. 60-3460, 60-3440 and 60-3441) provide in effect that real estate once sold upon order of sale, shall not again be liable for sale for any balance due or lien inferior thereto, etc., and also specifies the order in which lienholders may redeem.

Plaintiff cites and relies on *Case v. Lanyan*, 62 Kan. 69, 61 Pac. 406; *Gille v. Enright*, 73 Kan. 245, 84 Pac. 992, and other similar cases in which it has been held that land once sold upon order of sale and other similar process cannot again be sold in satisfaction of any inferior judgment or lien under which the holder of such lien was allowed a right of redemption contingent upon the nonexistence of the same right by the preferred classes, etc.

The statutes and cases cited above are not applicable here, because the rights of the junior mortgagee were not adjudicated. The junior mortgagees were not parties to the foreclosure proceedings. We are of opinion that the legislature in the enactment of the statutes above cited contemplated liens adjudicated as such, and this court, in construing such statutes, considered the rights of lienholders which had been determined—those about which there was no question. The question might very properly arise as to whether a junior mortgage was a lien, whether it had been paid, or whether barred by the statute of limitations, etc., therefore there is always a question to be determined whether an alleged lien is actually a lien.

Stacey v. Tucker.

A junior mortgagee is not a necessary party to the foreclosure of a mortgage so far as the jurisdiction of the court to render a decree of foreclosure binding upon all the parties to the proceeding is concerned. He is, however, a necessary party in order to foreclose and bar any right of redemption he has in the property by virtue of his lien. Unless made a party, his rights ordinarily are not affected by the decree of foreclosure. The particular point at issue appears not to have been heretofore passed upon by this court. However, a trend of opinion has been indicated. In *Bradley v. Parkhurst*, 20 Kan. 462, it was said in the opinion:

"It will be borne in mind that the right of a mortgagee to have other lien holders made parties is not the right of two lien holders to unite and foreclose their separate liens in one action. It is the right of the single lien holder to bring in, as parties defendant, other lien holders, and litigate, as against them, the validity and extent of their alleged liens. He unites with his cause of action on his mortgage, and for establishing his own lien, a cause of action against the other lien holders to contest their claims. The nature of the issues, and the extent of the controversy, may be no more difficult or greater in litigating adverse titles, than in contesting other liens." (p. 468.)

"It seems to us that a foreclosure suit is, as to one branch, in the nature of a proceeding *in rem;* that the aim and scope of such a proceeding is to seize the *rem* and convey it, discharged of all claims and liens; that the objections formerly existing to the adjudication of adverse titles, on account of the jurisdiction of the court, and the form of action, have been done away with; that the litigation of an adverse title is as truly and closely connected with the right to subject the real estate to the payment of the plaintiff's mortgage as the determination of the validity and extent of other liens, and that the joinder of the two is therefore authorized by the statute." (p. 470.)

In *Loan Company v. Marks*, 59 Kan. 230, 52 Pac. 449, it was said in the opinion:

"The advantages accruing to litigants through a full determination in one action of all conflicting claims of title to the property which is the subject of litigation, are so numerous and so great and accord so thoroughly with the spirit of our laws that we should not hesitate to stand alone in upholding the interpretation heretofore placed on our code. Some of the courts seem to take the position that, although title paramount may not be litigated, the extent of the interest of the mortgagor at the time of the execution of the mortgage may be determined in the action to foreclose it. It is exceedingly difficult to trace any definite boundary between such an adjudication and a full determination of all adverse claims to the property. The practice of clearing up all clouds on the title and entering decrees binding on all claimants is so general and so advantageous that, in this very action, the fact that Marks, the defendant in error, in whose favor the lower courts have decided,

claimed adversely to the plaintiff in error by title paramount in an action to foreclose the plaintiff's mortgage, seems to have been lost sight of." (p. 235.)

In *Commission Co. v. Haston*, 81 Kan. 656, 106 Pac. 1096, it was said in the opinion:

"In a foreclosure action such as this, it is necessary to have all controversies settled concerning the title to the mortgaged premises so that the purchaser at the sheriff's sale will obtain an undisputed title. It was proper, therefore, to have this controversy adjudicated in this action." (p. 659.)

It has been held that:

"A junior encumbrancer not made a party to a foreclosure proceeding by a senior mortgagee is not concluded by the decree in respect to questions affecting the validity or priority of the senior mortgage, nor is he barred thereby of his right of redemption. And according to numerous decisions his rights are not in any way affected thereby." (27 Cyc. 1797; 19 R. C. L., 530, 531, 554.)

It has been held that where the junior encumbrancer is not made a party, the foreclosure is, as to him, a mere nullity. (*Gaskell v. Viquesney*, 122 Ind. 244, 17 A. S. R. 364.) "Subsequent encumbrancers, when not made parties to a bill for foreclosure, or sale, are not bound by the decree." (*Howard v. Railway Co.*, 101 U. S. 837, 849, 25 L. Ed. 1081. See, also, note in 36 L. R. A., n. s., 426, and numerous cases cited thereunder; 2 Jones on Mortgages 1139, *et seq.*)

The defendant contends that the act of the senior mortgagee in foreclosing his mortgage without notice to the junior mortgagee or without making him a party to the suit was an act done by the first mortgagee to the prejudice of the second, as a result of which the junior mortgagee's lien becomes in reality a first lien on the property. The contention cannot be sustained. While the general rule is that the lesser estate in land will merge in the greater whenever the two are owned by the same person, the rule does not apply where such merger would be inimical to the interests of the owner. Unless an intention to merge clearly appears, none results from the acquirement by the holder of the senior mortgage of the interests of the mortgagor and the senior mortgage retains its priority as against all junior or intervening liens upon the mortgaged property. Ordinarily the question as to whether or not a senior mortgage is merged in the title to the mortgaged property is to be determined from the intention of the parties.

"Where the holder of a lien on real estate acquires the legal title to the

Stacey v. Tucker.

property with the intention that such lien shall not merge in the legal title taken, such intention will prevail as against junior encumbrancers." (*Shattuck v. Bank,* 63 Kan. 443, 65 Pac. 643.)

"Where a mortgagee of real estate acquires the legal title to the mortgaged property, the mortgage will become merged in the larger estate or not as the mortgagee may desire or his interest require." (*Loan Association v. Insurance Company,* 74 Kan. 272, 86 Pac. 142.)

"Where an encumbrancer, by mortgage or otherwise, becomes the owner of the legal title or of the equity of redemption, the merger will not be held to take place if it be apparent that it was not the intention of the owner, or if, in the absence of any intention, such merger was against his manifest interest." (*Factors, etc., Ins. Co. v. Murphy,* 111 U. S. 738, 744.)

"Where a first mortgagee purchases under foreclosure sale, equity will keep the mortgage alive for the purpose of protection against a second mortgagee." (*Yoder v. Robinson et al.,* 45 Okla. 165, 172, 145 Pac. 775.)

"The rule that acquisition by senior mortgagee of mortgagor's interest does not result in merger is based on presumption that prior lien holder must have intended to keep his lien alive when it is essential to his security against intervening lien." (*Purdom v. Broach,* 210 Ky. 161, syl. ¶ 3, 275 S. W. 365.)

"Mortgagee's purchase of the mortgaged land does not merge his mortgage security, where it would prevent his setting up the mortgage to defeat an intermediate second mortgage, unless the parties so intended, and the intention will not be presumed contrary to the owner's apparent interests." (*Washington Furniture Co. v. Potter,* 124 S. E. 122 [N. C.] See, also, *Williams v. Bricker,* 83 Kan. 53, 109 Pac. 998; *Bank v. Bank,* 103 Kan. 865, 176 Pac. 658; *Heston v. Finley,* 118 Kan. 717, 236 Pac. 841; 19 R. C. L. 489, 490; notes in 39 L. R. S., n. s., 834, and 99 A. S. R. 152.)

In the instant case the foreclosure and sale was ineffectual as against the defendant. The parties are left practically in *statu quo.* The defendant has not had her day in court. Doubtless, the priority of liens as between plaintiff and defendant might be adjudicated by a revamping of the pleadings in the present case.

"A senior encumbrancer of real property, who is in possession under circumstances which make it equitable, may maintain an action against a junior encumbrancer to compel the latter to redeem the property from the claim of the former, and the court may decree that unless the junior encumbrancer elects to redeem within a proper time he may be barred of his lien, and the title of the senior encumbrancer may be quieted against him." (*Bank v. Bank,* 103 Kan. 865, 176 Pac. 658.)

The instant case comes to us on appeal from an order sustaining a demurrer to the defendant's answer. A demurrer lodged against a pleading searches the record and should be carried back and applied against the first party whose pleadings are defective in substance. (*Johnson v. Wynne,* 64 Kan. 138, 67 Pac. 549; *Bartholomew v.*

*Guthrie*, 71 Kan. 705, 81 Pac. 491; *Rohrbaugh v. Cunningham*, 101 Kan. 284, 166 Pac. 471; 31 Cyc. 338; *Standley v. U. S. Ry. Administration et al.*, 271 Fed. 794; *Dallas v. Moseley*, 150 Ark. 210, 233 S. W. 1084; *Chaney v. Baker et al.*, 302 Ill. 481, 135 N. E. 14.)

The judgment is reversed and the cause remanded with directions to carry back the demurrer and sustain it against plaintiff's petition.