UNITED STATES of America,
Plaintiff,

v.

LECKINGTON & SONS, INC., Robert A.
Haury, Kenneth K. Haury, Allen A. Du-
bois and Ivan M. West, Defendants.

Civ. A. No. W-3171.

United States District Court
D. Kansas.

Jan. 5, 1965.

Newell George, U. S. Atty., for plaintiff.

Kidwell, Ball, Greene & Nohe, Wichita, Kan., for defendant West.

Lelus B. Brown, Somers & Robb, Newton, Kan., for defendant Dubois.

WESLEY E. BROWN, District Judge.

This matter is presently before the court on plaintiff's motion for summary judgment. The United States as plaintiff brings suit pursuant to 28 U.S.C.A. § 1345 for and on behalf of the Small Business Administration [SBA], an agency of the United States. The factual background of the present suit can be summarized as follows:

On June 30, 1961, the government as plaintiff filed a foreclosure action in this court against the Newton Livestock Auction Market, Inc. [No. W-2441]. On June 13, 1962 the Order of Foreclosure and Judgment was entered by this court. A foreclosure sale was had and the SBA was purchaser at the sale. The sale was confirmed by this court on June 20, 1963.

Subsequent to the filing of the foreclosure action [W-2441], the present defendants recovered judgments against Newton Livestock Auction Market, Inc. as follows, which judgments were unknown to plaintiff:

A. Robert A. and Kenneth K. Haury; Judgment K-207; November 15, 1961; $1164.00 plus interest. The judgment was entered by the Harvey County, Kansas District Court. These defendants allege the judgment was entered on November 8, 1961 rather than November 15.

B. Allen A. Dubois; Judgment K-217; Harvey County, Kansas District Court; May 12, 1962; $1275.39 plus interest.

C.	Ivan M. West; Judgment K–223; August 28, 1962; $1270.03 plus interest.

D.	Leckington & Sons, Inc.; Judgment A–63; October 20, 1962; $433.36 plus interest.

After the SBA received its Marshal's Deed, it discovered defendants' judgments. In this suit, plaintiff asserts that the judgment liens held by defendants are clouds on plaintiff's title and asks for a judgment barring defendants from asserting any rights in the property in question. In the alternative, plaintiff prays that if defendants have any redemption rights, they be compelled to exercise such redemption rights within 30 days or be forever barred from asserting same.

The individual defendants filed separate answers; Leckington and Sons failed to answer plaintiff's complaint. For the purposes of the present summary judgment motion, we shall proceed as to Leckington and Sons as if they had filed a general denial, and the order entered herein will bind Leckington and Sons as it binds the other defendants.

Plaintiff concedes that the defendants had judgment liens against Newton Livestock (Plaintiff's Brief, p. 6). Plaintiff also concedes in its complaint that defendants were not joined in the foreclosure action. The gist of plaintiff's contention is this: Defendants had a defeasible right to redeem contingent on Newton Livestock not waiving its right to redeem as corporate mortgagor in accordance with Kan. G.S.1949, 60–3439. Plaintiff concludes that defendants lost their rights to redeem when Newton Livestock as corporate mortgagor waived its redemption rights and are now barred from claiming any rights in the land.

■ This contention of plaintiff is without merit. We feel that the wording of Kan. G.S.1949, 60–3439 clearly indicates that the waiver of redemption by a corporate mortgagor would not destroy redemption rights of individual creditors or lienors. The statute provides that a *corporate* mortgagor "may

wholly waive the period of redemption *as against said corporation mortgagor only * * *"* (emphasis added). *Individual* mortgagors could not waive their redemption rights under the statutes in effect at times here pertinent. See Kan. G.S.1949, 60–3438.

In short, defendants as judgment creditors, had a right to redeem from the foreclosure sale. Are they now barred because they failed to exercise the right of redemption during the period of redemption? Plaintiff argues that they are under McFall v. Ford, 133 Kan. 593, 1 P.2d 273 (1931).

The exact status of the redemption rights of an unjoined junior lienor is not free from some doubt under Kansas law. In Stacey v. Tucker, 123 Kan. 137, 254 P. 339 (1927), the Kansas court held that where a junior mortgagee was not joined in a senior mortgagee's foreclosure suit, the junior mortgagee's right of redemption remained unaffected, nor was he barred for failure to redeem the land during the period of redemption. The court indicated that a contra holding could lead to due process difficulties because the unjoined junior mortgagee had not had its day in court.

This court, in Garber v. Bankers' Mortgage Company, 27 F.2d 609 (D.Kan. 1928), relied on Stacey in ruling that the Kansas statute providing that realty once sold on execution cannot be sold a second time for any balance due on the judgment or for any inferior lien and bars *only* creditors who were parties to the foreclosure suit. Id. at 610. In McFall, supra, the Kansas court seemed to limit Stacey to those cases where the junior claim was not adjudicated or determined.

The Kansas court later considered both McFall and Stacey and in another opinion ruled that the right of an unjoined junior mortgagee without notice to foreclose its lien after the period of redemption had run was not affected by the foreclosure and purchase by a senior mortgagee. Motor Equipment Co. v. Winters, 146 Kan. 127, 69 P.2d 23 (1937). The United States Supreme

Court has interpreted Winters as indicating that "under Kansas law, a senior lienor must join junior lienors in the foreclosure proceeding in order to cut off the junior liens." United States v. John Hancock Mutual Life Insurance Company, 364 U.S. 301, 303, 81 S.Ct. 1, 3, 5 L.Ed.2d 1, 4 (1960), reversing John Hancock Mut. Life Ins. Co. v. Hetzel, 185 Kan. 274, 341 P.2d 1002 (1959).

 We therefore hold that defendants' rights as unjoined junior lienors were unaffected by the prior foreclosure and purchase by the SBA. Government's alternative prayer, however, will be granted. Under Kansas law, a senior incumbrancer of realty may, where equitable, compel junior lienors to redeem the property from the claim of the former or be forever barred from claiming liens on the land. E. g., Manhattan State Bank v. Wamego State Bank, 103 Kan. 865, 176 P. 658 (1918). We deem such relief equitable in the case at bar to permit the senior lienor to clear its superior title so that it can properly market its property. And "[t]here is no doubt that a senior mortgagee who acquires the legal title of his debtor is still entitled to be considered as a mortgagee with respect to third parties. His equitable lien and his later acquired fee title do not merge against his will, if such merger would place him at a disadvantage with respect to others claiming an interest in the property." Manhattan State Bank v. Wamego State Bank, id. at 868, 176 P. at 659. As a practical result, defendants are not now elevated to the status of first lienors as against the SBA, which had the prior mortgage and which purchased at its foreclosure sale.

The only question remaining is as to the length of time during which defendants must redeem if they so desire. Thirty days is a relatively short time, although defendants do not complain of the redemptive period prayed for by plaintiff. Cf. Manhattan State Bank v. Wamego State Bank, id. at 867, 176 P. 658. We feel, however, that sixty days is a more equitable time limitation.

It is therefore ordered that defendants, as unjoined junior lienors, have a right of redemption in the property involved which must now be exercised within sixty (60) days from the date of the submitted order for the amount set forth in the Order Confirming Sale plus any reasonable amounts expended by plaintiff for necessary repairs and maintenance. If defendants do not so redeem within the sixty days they will be forever barred from their rights of redemption in such land. Further, if the parties cannot agree on the redemption price in the order to be submitted, the court will hear evidence on the matter. We are of the opinion that, in all equity, the plaintiff is not entitled to interest on its money.

Plaintiff will prepare, circulate and submit an appropriate order.