**UNITED STATES of America, Plaintiff,**

v.

**Paul R. MONTGOMERY, Mary Montgomery, his wife, and John D. Montgomery, Defendants.**

**Civ. A. No. W–3713.**

United States District Court
D. Kansas.

March 10, 1967.

788

Newell George, U. S. Atty., Topeka, Kan., Guy Goodwin, Asst. U. S. Atty., Wichita, Kan., Arthur L. Sparks, Omaha, Nebraska, Bernard V. Borst, Wichita, Kan., for plaintiff.

. Zuspann, Soward & Whalen, Goodland, Kan., and Collins, Martin, Pringle, Schell & Burns, Wichita, Kan., for defendants.

## MEMORANDUM SUSTAINING SUMMARY JUDGMENT

WESLEY E. BROWN, District Judge.

This civil action is before the court on plaintiff's motion for summary judgment. A single question of law is presented, whether in a foreclosure by the United States on a mortgage given by defendants to obtain a loan from the Small Business Administration, the defendants are entitled to the statutory redemptive rights under state law.

The United States as plaintiff brings this suit pursuant to 28 U.S.C. § 1345, for and on behalf of the Small Business Administration, an agency of the United States.

The defendants were owners of a small store in Goodland, Kansas, operating under the name of Jack's Men's Shop. Defendants state that they incorporated their store as "M & W Shoe Store," although both the note and mortgage are signed by the parties in their individual and partnership capacities. On or about July 1, 1962, the defendants executed a promissory note for THIRTY-FIVE THOUSAND DOLLARS ($35,000), secured by a mortgage upon their residence. The mortgage lists the Goodland State Bank, and the Small Business Administration as mortgagees. Plaintiff is assignee of the bank. Defendants admit the due execution and delivery of the note and mortgage, default, and that the entire unpaid indebtedness of Twenty Thousand One Hundred Forty One and 25/100 ($20,141.25) is now due and payable. The government seeks foreclosure of its mortgage, and immediate issuance of an order of sale under 28 U.S.C. § 2001, free of the eighteen month redemption period provided by K.S.A. 60–2414. Plaintiff argues that state redemption rights do not apply to judicial foreclosures in federal courts of mortgages held by federal agencies. We agree.

In United States v. View Crest Garden Apartments, Inc., 268 F.2d 380 (9th Cir. 1959), cert. denied, 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120, the Federal Housing Insurance Authority (hereafter the FHA), the mortgagee, began a foreclosure proceeding upon a defaulted mortgage, and applied for appointment of a receiver. The district court denied the application on the ground that under the law of the State of Washington, no sufficient showing had been made to warrant the appointment. The Ninth Circuit reversed, stating that federal law, not state law, should have been applied. It held that, because the action arose under federal law, and not as an action between persons of diverse citizenship, state law was not determinative.

"[W]e do find it to be clear that the *source* of the law governing the relations between the United States and the parties to the mortgage here involved is federal. [Citations omitted.]

It is therefore equally clear that if the law of the State of Washington is to have any application in the foreclosure proceeding it is not because it applies of its own force, but because either the Congress, the FHA, or the Federal Court adopts the local rule to further federal policy. As it is made certain in the cases just cited, this action arises under federal law, and not as an action between persons of diverse citizenship, hence the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 is inapplicable." 268 F.2d at 382.

State law *may* be adopted, if it is an appropriate means to implement and fulfill federal policies. Where a default has occurred, and the sole question is one of remedies, the court stated that "the federal policy to protect the treasury and to promote the security of federal investment which in turn promotes the prime purpose of the Act—to facilitate the building of homes by the use of federal credit—becomes predominant." "Local rules limiting the effectiveness of the remedies available to the United States for breach of a federal duty can not be adopted."

Because of the pertinence of the court's language to the point here at issue, we quote further:

"It is urged that to hold that federal law applies would result in great hardship to mortgagors who would thereby be deprived of all rights under state law such as the right of redemption. We do not think that such a conclusion necessarily follows. A court confronted with that question could determine it by weighing the federal interest against the particular local policy involved. [Footnote omitted.] If the considerations weighed by the court suggest an adoption of local law, such as the local rule on redemption, that could be done. But if on the other hand necessity requires the fashioning of a federal rule, absent a declared federal rule on the subject the federal courts are authorized

to and capable of fashioning one." 268 F.2d 380 at 383.

That case was followed in United States v. Chester Park Apartments, Inc., 332 F.2d 1 (8th Cir. 1964). There the FHA, mortgagee, applied to the district court for appointment of a receiver pursuant to a provision in the mortgage giving the holder broad rights to such an appointment. The court denied the appointment, on the ground that the provision was unenforceable under Minnesota law. The Eighth Circuit reversed, citing the *View Crest* case, supra, and holding that federal law is to be applied in the appointment of a receiver and the disposition of funds by him. The court noted a supplemental consideration supporting its decision, that "when the Government, acting pursuant to constitutional acts of Congress, enters into large scale transactions requiring uniform administration, 'questions of rights and liabilities must be uniformly determined by federal law.' [Citations omitted.]" 332 F.2d at 4. See also United States v. Sylacauga Properties, Inc., 323 F.2d 487 (5th Cir. 1963).

Defendants rely on United States v. Leckington & Sons, Inc., 237 F.Supp. 564 (D.Kan.1965) (Brown, J.), as authority for its argument that state statutory redemption rights are controlling. It is true the court relied upon state law in order to determine that the defendants' rights as unjoined junior lienors were unaffected by a prior foreclosure and purchase by the Small Business Administration, but that the SBA could equitably require the defendants to redeem the property within a sixty day period or be forever barred. It does not appear that the plaintiff questioned the applicability of state law, the question raised herein.

■ The plaintiff herein also claims the case as authority for its position that state law is not controlling, on the basis that the sixty-day redemption period fixed by the court within which junior lienors could redeem from the SBA, purchaser at foreclosure, has never been au-

thorized by Kansas statutes. Without inquiring into the statutes and decisions upon which the court relied, it is sufficient to note that the court did in fact rely upon state decisional authority for its holding, and that reliance was not apparently questioned by the plaintiff therein.

■ That decision is not necessarily in conflict with the holding herein, however, for state law was applied there to determine the rights of persons wholly unrelated to the SBA mortgage. The legitimate interest of the government in uniform and effective remedial rights upon defaulted security interests does not require summary foreclosure of the interests of innocent third parties wholly unrelated to mortgages held by the United States.

The plaintiff indicates several respects in which its remedy herein is impeded by the long state redemption period. Delayed liquidation of the property risks substantial depreciation of its security through vandalism, fire, and damage from the elements, for property may be unoccupied for long periods. If the property is bid in at the foreclosure sale by the United States, it is immediately removed from the tax rolls, and the municipality, county and state are deprived of the taxes for the period of redemption. If the United States succeeds in selling the property to third parties subject to the redemption rights in the mortgagor, the sale price is greatly reduced since possession cannot be given.

■ We conclude that defendants are not entitled to the Kansas statutory eighteen month period of redemption. The next question is what, if any, redemptive rights the defendants have. We do not agree with plaintiff that because state law does not apply, it necessarily follows that there is no redemptive right.

■ Plaintiff cites United States v. Heasley, 283 F.2d 422 (8th Cir. 1960), wherein appellants argued, among other points, that in confirming the sale of certain property upon foreclosure of income tax liens, that the court erred in failing to provide for redemption of the land. The court stated:

"As to right of redemption where land is sold at a judicial sale, a sufficient answer is that no such right exists by federal law. Unlike the sale of property under levy and distraint proceeding, where by statute there is a specific provision for redemption of the property, § 6337(b) of the 1954 Internal Revenue Code, 26 U.S.C.A. § 6337(b), Congress has not seen fit to provide that the right to redeem shall exist where property is sold pursuant to a judicial decree. See § 2001, Title 28, supra * * *." 283 F.2d at 427.

28 U.S.C. § 2001, which authorizes judicial sales of realty, provides in subsection (a) that "Such sale shall be upon such terms and conditions as the court directs." We think it unnecessarily harsh and inflexible to hold that such language, of itself, precludes any redemption rights in defaulting mortgagors. We conclude that, although defendants are not entitled to the Kansas statutory eighteen month period of redemption, they are entitled to an equitable period of time in which to redeem, which we deem to be sixty days, from the date of sale.

The motion for summary judgment against the defendants is hereby granted in the sum of Twenty Thousand One Hundred Forty One and 25/100 ($20,141.25) Dollars, with interest accruing after September 3, 1966 at the rate of seven per cent per annum on twenty-five per cent of that sum and at the rate of five and one-half per cent per annum on the remaining seventy-five per cent of that sum to date of judgment. It is further ordered that the mortgage be foreclosed, and that defendants have a right of redemption in the property which must be exercised within sixty (60) days from the date of the submitted order for the amount set forth in the Order Confirming Sale. If defendants do not so

redeem within the sixty days they will be forever barred from their rights of redemption in such land.

Plaintiff will prepare, circulate and submit an appropriate judgment not inconsistent with the view expressed herein.