**UNITED STATES of America, Plaintiff,**

v.

**Carol Dubay PASTOS and John W. Pastos, dba Carol's Country Corner; Security State Bank of Polson; and Lake County, Montana, Defendants.**

No. CV 82–85–M.

United States District Court,
D. Montana,
Missoula Division.

Oct. 17, 1984.

Allen R. McKenzie, Asst. U.S. Atty., Butte, Mont., for plaintiff.

J.A. Turnage, Turnage & McNeil, Polson, Mont., for Sec. State Bank.

Paul C. Meismer, Garlington, Lohn & Robinson, Missoula, Mont., for Pastos.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Carol and John Pastos (Defendants) have filed a motion to redeem from a judicial sale made by the United States Marshal pursuant to a decree foreclosing a mortgage. They have deposited the redemption money. There was no timely motion to amend the judgment under Fed.R.Civ.P. 59, and there was no appeal from the judgment.

On April 2, 1976,[1] Defendants borrowed from the Small Business Administration (SBA) and gave a promissory note to evidence the loan. The note was secured by a mortgage of real estate to the SBA. Both the note and the mortgage discuss the right of redemption. The note provides: "The undersigned signed hereby waives all right of redemption or appraisement whether before or after sale." The note further refers to 13 C.F.R. § 101.1(d). The mortgage provides: "In addition to said real property, this mortgage also covers ... all rights of redemption ...." It also provides that in the event of foreclosure the property would be sold "at a judicial sale pursuant to the provisions of 28 U.S.C. 2001(a) ..." and that "[i]n compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration (13 C.F.R. 101.1(d)), this instrument is to be construed and enforced in accordance with applicable Federal law." The note and the mortgage appear to be on standard SBA forms with no changes in the printing and with the blanks filled in by typewriter.

Defendants became delinquent, and on July 15, 1982, the SBA filed an action to foreclose the mortgage. The prayer of the complaint, among other things, requests:

(2) That ... upon such sale, purchaser or purchasers be led into possession of said real property and improvements and that ownership of said real estate and improvements thereon pass to said purchaser or purchasers subject only to the mortgage lien of the Security State Bank of Polson under the terms of that Mortgage held by said Bank dated June 8, 1976, in the original amount of $18,-000.00, recorded under Microfile # 227799, Lake County,

(3) No redemption period shall be allowed for either the real property, improvements thereon requested be foreclosed,

. . . . .

(5) That the Plaintiff, United States, or any other party to this cause, may become the purchaser at the sale of said real property by the United States Marshal that the United States Marshal execute the usual Certificate of Sale conveying said real property to the purchaser, and shall deliver to the purchaser, upon payment of the purchase price, a Deed of the Marshal to said real estate and improvements thereon and deliver the purchase price to the plaintiff, less the Marshal's costs of sale ....

At the trial Defendants appeared by their attorney. At no time, either before or during trial, did Defendants request any rights of redemption.

On April 3, 1984, this court entered a decree of foreclosure and order of sale. The Marshal's Deed, so entitled, provides:

AND WHEREAS, at such sale said real estate and premises were fairly sold to the Small Business Administration for the sum of Forty-one Thousand Eighty-three and 39/100 Dollars ($41,083.39), being the highest bidder, and that sum the highest bid therefor, and the United States Marshal thereupon issues a Marshal's Certificate of Sale and a Marshal's Report of Sale;

NOW, THEREFORE, in consideration of the premises, and of the sum so paid as aforesaid, and in compliance with the statute, said grantor, as United States Marshal aforesaid, does hereby grant, bargain, sell and convey to said grantee, all that real property situated in the

---

**1.** The note is undated, but the mortgage was given on April 2, 1976.

County of Lake, State of Montana, described as follows, to-wit:

[Legal description of property.]

Defendants take three positions: one, that the Montana laws creating a year's right of redemption are applicable; two, that by the language used in the decree the court did create a right of redemption; and, three, that the Government is estopped from denying a right of redemption.

As to their first position, Defendants rely on the cases of *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 16 L.Ed.2d 404 (1966), and *United States v. MacKenzie*, 510 F.2d 39 (9th Cir.1975), and claim that Montana law controls the rights of redemption in this federal foreclosure. In *Yazell*, the Court held that the Government was precluded by Texas coveture law from recovering on a loan to a husband and wife where the SBA had executed on the wife's separate property. The Court said that it was dealing with a contract which was "negotiated in painfully particularized detail," (*Yazell*, 382 U.S. at 345–46, 86 S.Ct. at 503) and that both parties entered into the contract "without any thought that the defense of coverture would be unavailable to Mrs. Yazell with respect to her separate property as provided by Texas law ...." *Id.* at 346. Further, the Court observed:

> It is an appropriate inference from the Government's brief that its position is that the Federal Government, in order to collect on a negotiated debt, may override all such state arrangements despite the absence of congressional enactment or agency regulation or even any stipulation in the negotiated contract or any warning to the persons with whom it contracts.
>
> We do not here consider the question of the constitutional power of the Congress to override state law in these circumstances by direct legislation or by appropriate authorization to an administrative agency coupled with suitable implementing action by the agency.

*Id.* at 351–52, 86 S.Ct. at 506–07. (Footnotes omitted.)

Apparently in response to *Yazell*, administrative regulations were promulgated to avoid the problem that had arisen in *Yazell*. *See* 31 Fed.Reg. 10,466 (1966) (codified at 13 C.F.R. § 101.1(d)). 13 C.F.R. § 101.1(d) provides:

> (2) ... mortgages, deeds of trust, and other evidences of debt or security shall be construed and enforced in accordance with applicable Federal law.
>
> (3) ... However, the use of local procedures shall not be deemed or construed to be any waiver by SBA of any Federal immunity from any local control, penalty, or liability.
>
> (4) Any person, corporation, or organization that applies for and receives any benefit or assistance from SBA shall not be entitled to claim or assert any local immunity to defeat the obligation such party incurred in obtaining or assuring such Federal benefit or assistance.

Defendants' note and mortgage specifically referred to this regulation.

In *MacKenzie*, the Ninth Circuit held that debtors could assert in an SBA foreclosure action Nevada law limiting deficiency judgments and Arizona law providing for a period of redemption. The court stated that it was following the decision in *Yazell* and quoted the language of *Yazell* relative to the "painfully particularized" contract. *MacKenzie*, 510 F.2d at 41. The court also said that "no federal statute nor regulation nullifies these debtor protections in the SBA context,[2] and no provision in the underlying contracts purported to do so." *Id.* at 40. (Footnote added.)

■ The case at bar is distinguishable from *Yazell* and *MacKenzie*. In this case the note, the mortgage, the regulation, and the statute notified Defendants, in one way or another, that the mortgage would be foreclosed under federal law and that Defendants could not rely on any local immu-

**2.** I am at a loss to understand this statement in light of 28 U.S.C. § 2001(a) and 13 C.F.R. § 101.1(d).

**1016**

nity. Under these circumstances, the Montana laws relating to rights of redemption on a foreclosure sale are not applicable. *United States v. Gish,* 559 F.2d 572 (9th Cir.1977), *cert. denied,* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978).

As to Defendants' second position: Did the court provide a period of redemption? ■ 28 U.S.C. § 2001(a), which authorizes judicial sales of realty, provides that: "Such sale shall be upon such terms and conditions as the court directs." [3] This language empowers a court to fashion a right of redemption. *United States v. Montgomery,* 268 F.Supp. 787 (D.Kan.1967). Thus, while the Montana law of redemption did not automatically apply in the case at bar, the court did have the power to fashion a right of redemption. The court did not exercise its discretion under 28 U.S.C. § 2001(a), however, to fashion such a right.

The court's decree provides:

That the United States Marshal, upon payment of the purchase price, [shall] execute the usual certificate of sale conveying said real property and possession thereof to the purchaser or purchasers;

That the United States Marshal shall deliver to the purchaser or purchasers, upon payment of the purchase price, deed of the Marshal to said real estate and improvements thereon ....

Under the decree, the certificate of sale and the Marshal's deed were to be issued simultaneously on the payment of the purchase price. A Marshal's deed was issued; a certificate of sale was not.

■ The words "certificate of sale" generally[4] and in Montana[5] denote a sale which is subject to redemption. The use of those words in the complaint and the decree is confusing, but the words, in and of themselves, did not create a right of redemption.

■ The final contention of Defendants is that the Government is estopped from denying a right of redemption. On June 1, 1984, the SBA offered to pay Defendants $8,000 if they would waive their rights of redemption and move their personal property. In July Defendants refused the offer. It is noted that the offer relative to redemption came long after Defendants' rights to move to amend the judgment and to appeal from it had expired. I am unable to see how an offer to pay Defendants for a right of redemption which they never had can constitute an estoppel.

If the court erred (and this is not argued) in failing to exercise its discretion to fix a right of redemption under 28 U.S.C. § 2001(a), in the absence of any request, such an error does not subject the decree to collateral attack.

IT IS ORDERED that Defendants' motion to redeem property from the Marshal's sale held on May 22, 1984, is denied, and the clerk is directed to release the deposit to Defendants upon their request.

**3.** Defendants' mortgage provided that in the event of foreclosure the property would be sold "at a judicial sale pursuant to the provisions of 28 U.S.C. 2001(a)."

**4.** *See* Black's Law Dictionary 206 (5th ed. 1979).

**5.** *See* Mont.Code Ann. § 25–13–711 (1983).