**CREDITHRIFT OF AMERICA, INC., Appellee,**

v.

**Albert L. AMSBAUGH and Seleta Amsbaugh, husband and wife, and Jim Walter Homes, Inc., Appellants.**

**No. 68472.**

Court of Appeals of Oklahoma, Division No. 2.

Sept. 30, 1988.

Rehearing Denied Oct. 30, 1988.

Certiorari Denied May 16, 1989.

Virginia Henson, Henson, Laster and Henson, Shawnee, for appellee.

Lawrence A.G. Johnson, Johnson & Gilmore, Tulsa, for appellants.

## SUMMARY OPINION

STUBBLEFIELD, Judge.

This is an appeal from a judgment decreeing that a previous second mortgage had become a valid first lien on real property when the first mortgage holder had foreclosed its mortgage without naming the second mortgage holder as a party and had purchased the real property at a sheriff's sale. Based on our review of the record and applicable law, we affirm.

Jim Walter Homes, Inc., held a first mortgage on property in Pottawatomie County. Credithrift of America, Inc., took a second mortgage. Walter foreclosed its mortgage without naming Credithrift. Credithrift moved to vacate the sheriff's sale because it had no notice as required by law. Walter confessed the motion to vacate and caused a new sale to be carried out, giving notice to Credithrift, but still did not join Credithrift in the proceedings. Walter bought the property at the sheriff's sale and later resold the property to Albert and Seleta Amsbaugh, who gave a mortgage to Walter. Credithrift then sued Walter and the Amsbaughs claiming that Walter's prior mortgage had been extinguished and that the Credithrift mortgage was, therefore, a first lien on the property. The trial court agreed. It granted judgment determining the Credithrift mortgage to be a first lien on the property and ordered foreclosure. Walter and the Amsbaughs appeal.

Walter cites authority for the proposition that equity will keep a first mortgage alive for purposes of protection against a second mortgage. *Yoder v. Robinson*, 45 Okl. 165, 145 P. 775 (1915). Otherwise, the sale of property at a sheriff's sale extinguishes a first lien. 42 O.S.1981 § 22. Yet, every case that we can find wherein equity protected the first mortgage holder, it did so against an inferior

lien claimant who had been omitted from the first lienholder's foreclosure action *due to some manner of mistake or inadvertence.* Here, on the other hand, Walter does not contest that it intentionally omitted Credithrift from the foreclosure action. Thus, Walter is not in a position to demand equitable relief. That is particularly so in light of the legal tenet which provides that equity may not be invoked when its aid becomes necessary through a party's own fault, and its effect is to allow plaintiffs to escape from circumstances created by their own acts. *Sautbine v. Keller,* 423 P.2d 447 (Okla.1966). The trial court found Walter was not entitled to equitable relief as against Credithrift, and we must agree.

However, Walter maintains that Credithrift's lien could never attain first lien status because it, as a second mortgage, only originally encumbered the equity of redemption and could not be decreed to encumber a greater interest than that. However, we must disagree.

The undisputed facts are that the second mortgage did specify the same property as did the Walter mortgage. While Walter's mortgage remained in existence, the Credithrift lien was clearly inferior, and as a *first lien* only encumbered the equity of redemption. Practically speaking Credithrift had first lien status on only any excess value of the property in question over the amount of Walter's debt, and, if in foreclosure, Walter's costs. But upon extinguishment of Walter's mortgage,[1] the previously inferior lien became a first lien on all the real property specified in the instrument itself. *Core v. Smith,* 23 Okl. 909, 102 P. 114 (1909), *overruled on other grounds,* 497 P.2d 215. To hold otherwise would limit Credithrift and any other such second mortgagee to less than the lien to which their mortgagor had contractually agreed. Furthermore, such a result would mean that a second mortgagee did not gain first mortgage status *on all the encumbered property* upon the payment and re-

lease of the first mortgage. If we accept Walter's argument then the second mortgage would still only encumber the equity of redemption upon payment and release of a first mortgage. Such is not the law.

The facts of this case are unique in that we have been unable to find an instance where a first mortgagee intentionally omitted a junior mortgagee in foreclosure proceedings and then extinguished its first lien by its purchase at sheriff's sale. As we have stated, innumerable cases protect a mortgagee who *unintentionally* causes such a result by providing in equity that the previous first lien remains alive against the interest *that would otherwise become a first and prior lien.* Some jurisdictions have accomplished the same result by providing that the merger of estates, and the resultant extinguishment of the mortgage as a lesser estate, does not result when such result would be inimical to the interests of the owner/mortgagee. *Stacey v. Tucker,* 123 Kan. 137, 254 P. 339 (1927).

However, Oklahoma statutorily provides for the extinguishment of a mortgage upon sale, 42 O.S.1981 § 22, and equity is the only basis for avoidance of that result. Having concluded that the intentional nature of Walter's acts foreclose such equitable assistance, we must affirm the judgment of the trial court.

AFFIRMED.

MEANS, C.J., and REIF, J., concur.

---

1. *See Jelks v. Aetna Life Insurance Co.,* 134 F.2d 870 (10th Cir.1943).