SARAH G. SHATTUCK v. THE BELKNAP SAVINGS BANK *et al.*

No. 12,500.   (65 Pac. 643.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP — *Merger*.  Where the holder of a lien on real estate acquires the legal title to the property, with the intention that such lien shall not merge in the legal title taken, such intention will prevail as against junior encumbrancers.

2. ———— *Right of Subrogation Waived*.  A junior lien-holder has the right to make payment of a paramount lien, and upon payment to be subrogated to all the rights of the superior lien-

holder; but if such payment is neither made nor tendered, and the junior lien-holder assumes and maintains the attitude of denying both the validity and superiority of such lien, the right to make payment and of subrogation will be deemed to have been waived.

Error from Harvey district court; M. P. SIMPSON, judge.   Opinion filed July 6, 1901 (submitted at May sitting).   Division two.   Modified and affirmed.

### STATEMENT.

THIS was an action in foreclosure by the Belknap Savings Bank against Elliott E. Pollard, Sarah E. Pollard, Sarah G. Shattuck, and others.   The facts, in substance, are as follows :   On the 1st day of February, 1887, defendants Elliott E. and Sarah E. Pollard made to one E. M. Sheldon their promissory note in the sum of $1600, due five years after date, with interest at seven per cent., payable semiannually, and a trust deed to the Kansas Loan and Trust Company, of even date, on certain real estate in the city of Newton, to secure payment of the note.   Before maturity, the Belknap Savings Bank became, and ever since has been, the owner and holder of this note.   On the 23d day of February, 1887, the Pollards made to plaintiff in error their promissory note in the sum of $1200, due three years after date, interest at the rate of twelve per cent., payable semiannually, and a second mortgage upon the same real estate to secure its payment.   This mortgage contained the following recital :   "Said premises are subject to a mortgage for $1600, at twelve per cent."   On the 15th day of February, 1892, the bank entered into an agreement with the Pollards, extending the time of the payment of the first mortgage for a period of five years.

Default having been made in the payment of inter-

est, this action was commenced on the 17th day of June, 1895, to foreclose the first mortgage. During the pendency of the action an agent of the plaintiff took from the makers of the note and trust deed a quitclaim deed to the mortgaged premises, agreeing, in consideration thereof, that the makers should not be held personally liable for any deficiency judgment thereon after exhausting the mortgaged premises, it being agreed and understood, however, that the foreclosure action should proceed to final decree and sale of the property.

The taking of this deed was set forth by plaintiff in error in a supplemental answer filed on the 24th day of June, 1896, and the claim made therein that, in consideration of this conveyance, the bank released and discharged the Pollards from any and all personal liability for the payment of the debt owed by them to the bank; that the bank agreed, in consideration of the execution and delivery of the deed, that it would not take or obtain a personal judgment against the Pollards upon said indebtedness, and that, by reason of such conveyance and agreement, the mortgage of plaintiff in error had become a first and superior lien on the property.

At the trial, upon request, the court made special findings of fact and conclusions of law, upon which findings a decree was entered foreclosing both mortgages and establishing the mortgage of the bank a first lien upon the property, and that of plaintiff in error a second lien. Sarah G. Shattuck, defendant below, brings this proceeding in error to obtain a reversal of the judgment.

*S. W. Shattuck, jr.*, for plaintiff in error.
*Fuller & Whitcomb*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: Two contentions are made by counsel for plaintiff in error to work a reversal of the judgment below: (1) That the taking of the quitclaim deed by the bank operated to merge the mortgage held by it in the legal title so taken, and thus gave priority to the mortgage of plaintiff in error; (2) that the agreement made by the bank to receive the conveyance of the mortgaged premises and release mortgagors from any deficiency judgment that might remain after exhausting the mortgaged premises operated in equity to create the mortgage of plaintiff in error a paramount lien on the premises.

As to the first of these contentions, the doctrine is firmly held by this court that where the holder of a lien acquires the legal title to the property upon which the lien rests, with the intention that such lien shall not be merged in the legal title, such intention will prevail as against junior encumbrancers. (*Bowling v. Garrett*, 49 Kan. 504, 31 Pac. 135; *Rand v. Ft. S. W. & W. Rly. Co.*, 50 id. 114, 31 Pac. 683.) This is also the settled law in other jurisdictions. (*The Delaware Railroad Construction Co. v. The Davenport & St. Paul R. Co.*, 46 Iowa, 406; *Richardson v. Hockenhull et al.*, 85 Ill. 124; *Brooks v. Rice*, 56 Cal. 428; *Hanlon v. Doherty et al.*, 109 Ind. 37, 9 N. E. 782; *Belknap v. Dennison*, 61 Vt. 520, 17 Atl. 738; *Coburn v. Stephens*, 137 Ind. 683, 36 N. E. 132.) The trial court found that it was not the intention of the bank that its mortgage should merge in the legal title taken, as follows:

"But that the taking of said deed by said plaintiff should not affect in any way the right of the plaintiff

*1. Merger—intention of grantee prevails.*

to foreclose its said mortgage or trust deed, or to obtain judgment upon the note sued on by the plaintiff herein, or its right to proceed in any way against any of the other defendants herein upon said note and mortgage or trust deed.''

Not only the express finding of the trial court, from the evidence upon this proposition, is opposed to the contention of merger urged by counsel for plaintiff in error, but it would seem from the authorities that, in the absence of such a finding, it would be conclusively presumed that the intention of the bank was that its mortgage should not merge in the legal title, where the effect of such merger would be to give a junior encumbrancer a paramount lien on the property.   Mr. Jones, in his work on Mortgages, section 873, says :

''Even when the parties have undertaken to discharge the mortgage upon the uniting of the estates of the mortgagor and mortgagee in the latter, it will still be upheld as a source of title whenever it is for his interest, by reason of some intervening title or other cause, that it should not be regarded as merged. .It is presumed, as matter of law, that the party must have intended to keep on foot his mortgage title, when it was essential to his security against an intervening title, or for other purposes of security ; and this presumption applies although the parties, through ignorance of such intervening title, or through inadvertence, have actually discharged the mortgage and canceled the notes.''

The text is approved in *Stantons v. Thompson*, 49 N. H. 272 ; *Hanlon v. Doherty*, 109 Ind. 37, 9 N. E. 782 ; *Lowman v. Lowman et al.*, 118 Ill. 582, 9 N. E. 245 ; *Coburn v. Stephens*, 137 Ind. 683, 36 N. E. 132.

The second contention of counsel for plaintiff in error is not the defense pleaded in her supplemental answer, but is predicated upon the theory that, by the acceptance of the conveyance upon the agreement

2. Right of subrogation waived. made by the bank with the Pollards that it would not hold them for the payment of any deficiency judgment that might remain after exhausting the mortgaged premises by sale under the decree, as found by the trial court, plaintiff in error was deprived of a substantial right and a portion of the security pledged for the payment of her note. This contention, in other words, is that, in the absence of the agreement found to exist between the bank and the Pollards, it was the privilege of plaintiff in error to pay off and discharge the prior lien held by the bank, and thus, by operation of law, become subrogated to all the rights of the bank, not only as against the mortgaged property, but also to all rights held by the bank to a personal judgment against the mortgagors; and that because of the agreement of the bank made with the Pollards, she was deprived of a valuable right which, in equity, entitled her to a first lien on the premises. In support of this contention, counsel cites the cases of *Coyle v. Davis et al.*, 20 Wis. 564, and *Sexton and another v. Pickett and others*, 24 id. 346.

Assuming, while not so deciding, the general rule to be as claimed by counsel, is plaintiff in error in a position to avail herself of the same in this case? We think not. It must be conceded that it was the right of plaintiff in error, a junior lien-holder, to pay off the prior mortgage existing upon the premises pledged to secure her obligation, and upon such payment, in equity, to be subrogated to all the rights of the bank against both the property and the makers of the obligation by her discharged. But the right of subrogation, and, as well, the right to make payment of a prior lien upon which the claim of subrogation may be predicated, like all other rights, may be waived or

abandoned. (*Potts v. Plaisted*, 30 Mich. 149; *Frost v. Yonkers Savings Bank*, 70 N. Y. 553, 26 Am. Rep. 627.) Conceding this right to have existed in this case, although afforded ample opportunity so to do, plaintiff in error neither made nor tendered payment of the prior lien, but, on the contrary, by her answer and cross-petition, expressly denied the validity of the prior encumbrance, pleaded payment, satisfaction, discharge and release of record of the same, and in her supplemental answer setting forth the taking of the quitclaim deed, and the agreement between the parties upon which the same was secured, alleged and relied on an absolute and unconditional release and discharge of the Pollards from all personal liability to the bank and a merger of the prior lien held by the bank in the legal title taken, which contention has been heretofore denied.

Hence, it must be held in this case that plaintiff in error, by her acts and conduct, waived the defense of which she now here seeks for the first time to avail herself, and also, by her pleadings upon which the case went to trial, assumed a position inconsistent with the claim of right made in this court.

A further contention is made by counsel for plaintiff in error, that the judgment rendered is excessive in the amount of $98.76, arising by reason of error in the computation of interest; that judgment should have been rendered for only $1941.60, whereas judgment was rendered for the sum of $2040.36. This contention is well founded, and the judgment will be modified by deducting from the same as rendered the sum of $98.78; and, as modified, the judgment will be affirmed.

3. Excessive judgment.

DOSTER, C. J., SMITH, J., concurring.