No. 33,743

The State Tax Commission, etc., et al., *Plaintiffs*, v. The State Board of Agriculture, etc., et al., *Defendants*.

(72 P. 2d 965)

Opinion filed November 6, 1937.

*D. C. Hill*, of Wamego, for the plaintiffs.

*Walter F. Jones*, of Hutchinson, and *C. Glenn Morris*, assistant attorney general, for the defendants.

The opinion of the court was delivered by

Harvey, J.: This is an original proceeding in mandamus by the state tax commission against the state board of agriculture, which by statute (G. S. 1935, 74-520 *et seq.*) constitutes a board of state fair managers, and, as such, operates and conducts the Kansas state fair, to require defendants to collect and remit taxes on the sale of tickets to the grandstand and other places of amusement and entertainment within the fairgrounds. There was a hearing upon the application for a peremptory writ. This was granted, with an opinion to be filed when it could be written.

The real question at issue is the interpretation of certain provisions of our recently enacted sales-tax act (Laws 1937, ch. 374). Generally speaking, this act imposes and provides for the collection and disbursement of a tax on sales of tangible personal property. The specific provision of the act which we are asked to interpret reads as follows:

"Sec. 3. From and after June 1, 1937, for the privilege of engaging in the business of selling tangible personal property at retail in this state or rendering or furnishing any of the things or services taxable under this act, there is hereby levied, and there shall be collected and paid a tax as follows: . . . ·

(e) A tax at the rate of two percent upon the gross receipts from the sale of admissions to any place of amusement, entertainment, or recreation, excepting, however, admissions to state, county, district, and local fairs. . . ."

It was disclosed at the hearing and conceded by defendants that in conducting the state fair defendants charge an admission to the fairgrounds. This entitles the purchaser to see all the general exhibits of the fair. Within the fairgrounds there is a grandstand, for admission to which separate tickets are sold by defendants. There are also other places of amusement and entertainment within the fairgrounds for which separate tickets are sold. Plaintiffs concede that no tax should be collected for the sale of admission to the fairgrounds, because the statute specifically exempts such admission from the tax. Plaintiffs contend that the exemption does not extend to tickets sold for admission to the grandstand and other places of amusement within the fairgrounds. Defendants contend that the exemption applies to all tickets, whether they are general admission to the fairgrounds, or whether they are admission to the grandstand or other places of amusement within the fairgrounds. Our judgment accords with the contention of the plaintiff. We think it is what is commonly known as admission to the fair or to the fairgrounds which the legislature intended to exempt. That is generally regarded as a distinct thing from admission to grandstands or other places of amusement within the grounds. If the legislature desired to exempt from the tax the sale of admissions to such places it easily could have used language which would have made that meaning clear. The result is, defendants should collect and remit the tax upon the sale of admissions to the grandstand and other places of amusement and entertainment within the fairgrounds for which a charge is made.

The writ is allowed.