No. 43,782

In the Matter of the Appeal of Lisle Grauer, d/b/a Pla-Land Lanes, from an Order of the State Board of Tax Appeals of the State of Kansas sustaining the Order of the Director of Revenue's Assessment of Sales Tax. (LISLE GRAUER, *Appellee*, v. THE DIRECTOR OF REVENUE OF THE STATE OF KANSAS, *Appellant*.)

(396 P. 2d 260)

Opinion filed November 7, 1964.

*Dale E. Dixon*, of Topeka, argued the cause, and *C. A. Arterburn*, also of Topeka, was with him on the brief for the appellant.

*A. Harry Crane*, of Topeka, argued the cause, and *Ward D. Martin, Arthur L. Claussen, Harvey D. Ashworth, Raymond L. Spring* and *Sterling S. Waggener*, all of Topeka, and *David Logsdon*, of Boulder, Colorado, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: The question presented by this appeal is whether league bowling is subject to a 2½% sales tax under the Kansas Retailers' Sales Tax Act.

Appeal has been duly perfected by the Director of Revenue of the State of Kansas from an order of the district court of Shawnee County holding that no sales tax was payable on league bowling,

thereby reversing the decision of the Director of Revenue and Taxation, which was sustained by the Board of Tax Appeals.

The parties submitted the case to the district court upon extended stipulations of fact which included, among other things, an agreement that the court should review and consider the record of all the hearings before the Director and the Board of Tax Appeals, including exhibits.

Lisle Grauer (appellee) at all times material herein owned and operated Pla-Land Lanes, which is a bowling alley located at 1024 Kansas Avenue, Topeka, Kansas. On June 7, 1961, the appellee was notified by the Department of Revenue of the State of Kansas that an assessment of sales tax was made for the period of June, 1957, through May, 1961, in the amount of $819.12, penalty in the amount of $81.91, and interest in the amount of $27.01, for a total of $928.04, resulting from an audit conducted by an agent of the Department of Revenue. The tax was levied on the sum of $32,764.95 received by the appellee under an oral agreement for "league bowling" during the audit period. "League bowling," as the term is used herein, consisted of regularly scheduled bowling by members of a league under the above mentioned oral agreement as distinguished from "open bowling" on an unscheduled basis. Sales tax was not collected and remitted on the said $32,764.95 received by the appellee. It was from the determination that such tax was due and payable that the appellee requested and received a hearing before the Director of Revenue. The Director determined that the sales tax was payable on league bowling, and the Board of Tax Appeals sustained the ruling. Appeal to the district court of Shawnee County followed.

The evidence established that the oral agreement between the appellee and the bowling league was substantially in accordance with a written bowling league lease agreement form admitted in evidence. This agreement would be entered into between the appellee and a bowling league and usually covered a period of thirty-five weeks, one night a week. A bowling league usually consisted of forty players comprising eight teams. The appellee would furnish his facilities, which included the bowling lanes, bowling balls, pins, pin setting equipment, etc. In addition he would furnish an operator who would be in attendance at all times during the league bowling, and whose duties included any maintenance work required, manually setting up the pins if the automatic machine failed to function, and manually returning the bowling ball to the

front of the bowling alley if the machine failed to do so. The league paid the appellee a specified sum of money per week at the rate of ＿＿ cents per line on each bowling night.

G. S. 1961 Supp., 79-3603(e) is the section of the Kansas Retailers' Sales Tax Act which the Director contends renders the charges for participation in league bowling subject to Kansas sales tax. It provides:

"(e) a tax at the rate of two and one-half percent (2½%) upon the gross receipts from the sale of admissions to any place of amusement, entertainment, or recreation, excepting, however, admissions to state, county, district, and local fairs and the gross receipts from educational, religious, or charitable activities where the entire amount of such receipts is expended for educational, religious or charitable purposes; . . ."

It is clear from the record that the appellee does not come within the exception noted in the foregoing statute.

The provisions of G. S. 1949, 79-3618 vest the administration of the Kansas Retailers' Sales Tax Act in the Director of Revenue, who is authorized to make and enforce such reasonable rules and regulations, not inconsistent with the provisions of the act, as he may deem necessary.

Pursuant thereto the Director promulgated regulation 92-6-61 which was designed to construe 79-3603(e), *supra.* It reads:

". . . The tax attaches to sales of admission to motion-picture shows, operas, concerts, baseball games, races, games of amusement, circuses, carnivals, side shows, lectures *or charges for participation in such activities as* golf, tennis, swimming, skating, pool, billiards, *bowling,* dancing, and all such other amusements, entertainment, or recreations." (Emphasis added.)

The evidence established that no charge was made for persons who entered the bowling establishment. Spectators could enter the premises, watch the bowling, and leave the premises and no charge was made. A charge was made only at such time as a person participated in bowling.

The important question to be decided in this case is what did the legislature intend to tax when it enacted 79-3603(e), *supra.* By this section of the act a tax was imposed on "the sale of admissions to any place of amusement, entertainment, or recreation." The regulation seeks to impose a tax on admissions "or charges for participation in" such activities in bowling.

The Director argues that inasmuch as the regulation (92-6-61, *supra*) which has been promulgated by the Director of Revenue under the authority of 79-3618, *supra,* approved by the Board of Tax Appeals under the authority of G. S. 1961 Supp., 74-2437, and filed

with the Revisor of Statutes, imposes a sales tax upon charges made for participation in bowling, it has become the law of the state under G. S. 1949, 77-410, because it is not shown to have been disapproved by the legislature.

This is answered by the adage that water cannot rise above its source. For a regulation to have the force and effect of law, as provided by the provisions of 77-410, *supra,* the regulation promulgated must be within the authority conferred by law. This simply means that if the statute pursuant to which the regulation is drafted does not authorize the tax, the Director of Revenue is without authority to promulgate a regulation imposing a tax which goes beyond the authority of the statute imposing the tax. A similar situation was presented in *Rooney v. Horn,* 174 Kan. 11, 254 P. 2d 322. There the legislature taxed coin-operated amusement devices, and the Director of Revenue attempted to enlarge the terms of the statute by levying a tax on a candy bar vending machine because it was a coin-operated device. The court said had the legislature by the statute intended to include merchandise vending machines it could easily have done so, either in the original act or in the amendment of 1947.

The Director contends that "a bowling alley meets the requirements of a place of amusement, entertainment or recreation under G. S. 1961 Supp., 79-3603(*e*). The legislature, in adopting 79-3603(*e*) did not define the words 'amusement, entertainment or recreation' nor did it define the phrase 'any place.' Neither did it attempt to define each and every form of amusement, entertainment or recreation subject to the tax. It should be noted particularly that except for an increase in the rate of taxation the provisions of 79-3603(*e*) have remained unchanged since being originally adopted."

We do not think it necessary to a decision in the instant case that a determination be made of what constitutes amusement, entertainment or recreation, as contemplated in 79-3603(*e*), *supra.* Two cases which have a bearing on this section of the statute are *State Tax Comm. v. Board of Agriculture,* 146 Kan. 720, 72 P. 2d 965, and *State Tax Comm. v. Board of Education,* 146 Kan. 722, 73 P. 2d 49.

In the *Board of Agriculture* case the court held a sales tax due on admission tickets to a grandstand, saying:

". . . If the legislature desired to exempt from the tax the sale of admissions to such places it easily could have used language which would have made that meaning clear. The result is, defendants should collect and remit the tax upon the sale of admissions to the grandstand and other places

of amusement and entertainment within the fairgrounds for which a charge is made." (p. 721.)

In the *Board of Education* case an admission charge was made for school dances. There a mandamus action was brought to compel the defendant Board of Education of the city of Holton to collect a tax upon the sale of admissions to certain school activities. The writ was allowed, and the court in discussing the various activities in question observed in regard to school dances:

". . . Another activity is school dances limited generally to students who pay an admission charge, the total of the admission charges being expended for orchestra, decorations and refreshments. The fact the dance is given by students for students is in no sense different than if it were given by a social club for its members. The purpose is recreational and for pleasure. . . ." (p. 727.)

In both of the foregoing cases the respective Boards sought to avoid the tax on the ground the activities were exempt. This in itself distinguishes the cases, but to further analyze them and thereby shed light on the facts presented by the instant appeal, we must turn to the key word in the provisions of 79-3603(e), *supra*. That word is "admissions." The legislature imposed a tax upon the gross receipts from "the sale of admissions to any place of amusement, entertainment, or recreation."

In Webster's Third New International Dictionary, the word "admission" has a clearly defined meaning as follows:

"3 a: an act of admitting: the fact of being admitted: permission or right to enter . . . 4: price of entrance: fee paid at or for entering."

In view of this clearly defined meaning it is apparent the legislature by enacting the above statute taxed the "price of entrance," the charge for "permission or right to enter" a place.

In the *Board of Agriculture* case clearly the tax was imposed upon the admission charge—the price of entrance. In the *Board of Education* case the tax was imposed upon an admission charge— the price paid to enter a place where the dance was being held. The tax was not imposed upon the activity of dancing, but upon the permission or right to enter the dance hall.

In the instant case no admission charge was made to enter the bowling alley. The only charge was for participating in the activity of bowling. The legislature in 79-3603(e), *supra*, made no attempt to impose a sales tax on charges made for *participation* in the recreation of bowling.

It is argued by the Director that at no time in the hearing before the Director of Revenue and the Board of Tax Appeals or before the district court did the appellee introduce any evidence that the activity of bowling was exempt and not within the purview of 79-3603(e). The Director relies on the well-known rule of law that exemptions from tax statutes are to be strictly construed against the one claiming exemption. (*State Tax Comm. v. Board of Education,* supra; and *Manhattan Masonic Temple Ass'n v. Rhodes,* 132 Kan. 646, 296 Pac. 734.)

While the foregoing rule must be conceded, it does not determine the issue presented. The appellee is not attempting to bring himself within the provisions of an exemption in the sales tax act. The question is whether the legislature levied a sales tax upon *participation* in the recreation of bowling. Thus, the cases upon which the Director relies are not in point.

Where the question is whether the legislature ever intended to levy a tax, the burden rests upon the Director to sustain the tax. The rule of strict construction is against the tax gatherer and in favor of the taxpayer. Thus, in *Equitable Life Assurance Society v. Hobbs,* 154 Kan. 1, 114 P. 2d 871, it was held:

"Tax statutes will not be extended by implication beyond the clear import of language employed therein, and their operation will not be enlarged so as to include matters not specifically embraced. Where there is reasonable doubt as to the meaning of a taxing act, it will be construed most favorable to the taxpayer." (Syl. ¶ 1.)

Again, in the case of *Russell v. Cogswell,* 151 Kan. 793, 101 P. 2d 361, the court held:

"It may also be noted here that while those claiming tax exemption must show that they come clearly within the statute, the general rule is that if a taxing statute be of doubtful intent it should be construed favorably to the taxpayer. . . ." (p. 798.)

Applying the foregoing rules we hold that what the legislature taxed in 79-3603(e), *supra,* was the price of admission to enter a place of amusement, entertainment or recreation. Had the legislature by its enactment intended to impose a tax on charges for participation in such activities as bowling, it could have easily done so. The fact that it did not do so is persuasive that it was not the intention of the legislature to impose a tax on charges made for *participation* in recreational activities.

The judgment of the lower court is affirmed.