(665 P.2d 1108)
No. 53,802

FIDELITY SAVINGS ASSOCIATION OF KANSAS, *Appellee,* v. BERNIE T. WITT, III, *et al., Defendants;* FISHER LUMBER COMPANY, INC., C.A.P. SERVICE CO., and THE WALT KEELER COMPANY, INC., *Defendants, Appellants,* BUCK ALLEY LUMBER, INC., *Defendant, Cross-appellant,* and AIR CAPITOL SERVICE CORPORATION, *Defendant, Appellee.*

Opinion filed February 3, 1983.

*Vincent L. Bogart,* of Wichita, for appellant Fisher Lumber Company, Inc.

*Rodney R. Peer,* of Blase & Peer, P.A., of Wichita, for appellants The Walt Keeler Company, Inc., and C.A.P. Service Co.

*M. Ralph Baehr,* of Nieto, Baehr & Hollander, of Wichita, for appellee Fidelity Savings Association of Kansas.

*David G. Arst,* of Arst & Arbuckle, of Wichita, for appellee Air Capitol Service Corporation.

*James M. Armstrong* and *E. Eugene Clark,* of Foulston, Siefkin, Powers & Eberhardt of Wichita, for *amicus curiae,* The Kansas Bankers Association.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: This is an appeal by mechanic's lienholders from the trial court's judgment granting priority to the mortgages of Fidelity Savings Association of Kansas (Fidelity). The lienholders contend their liens should have been granted priority over Fidelity's mortgages.

The salient facts do not appear to be in dispute. Fidelity made a number of loans to Bernie T. Witt, III, and Cheryl K. Witt. The Witts executed separate notes and mortgages on individual lots in order to finance construction of homes on the lots. Fidelity did not disburse the loan proceeds when the notes and mortgages were executed, but distributed them according to a percentage of completion of construction schedule provided by Fidelity. The disbursement agreement was oral.

Under the terms of the oral disbursement agreement, the Witts would contact Fidelity as construction progressed to request an advance on the loan. Fidelity employees would then inspect the

property to determine the percentage of completion. Fidelity would then determine the amount of the advance, if any, to be made, and would require an affidavit for each advance stating that all bills were paid. In addition, Fidelity required that each check have an endorsement that all material and labor delivered to or performed at the job site had been paid for.

Fidelity's mortgages were recorded prior to the lienholders having furnished any labor or material. The money was advanced after the lienholders had commenced furnishing labor and material.

The Witts experienced financial problems, and when Fidelity learned they were not paying the subcontractors it terminated advances to them. The houses were in various stages of completion, and Fidelity had not paid the full amount of any of the mortgages to the Witts. Fidelity refused to make any further advances and thereafter brought this foreclosure action.

The lienholders make a number of arguments. They contend that the future advances clause gives Fidelity the option to advance money in the future as opposed to being contractually bound to do so. They recognize the general rule that where the making of future advances is obligatory rather than optional, the lien of the mortgagee receives priority from the date of the recording of the mortgage. They contend that is the essence of the holding in *Potwin State Bank v. Ward*, 183 Kan. 475, 327 P.2d 1091 (1958). They urge this court to adopt a rule that when future advances are optional with the lender, the funds so advanced shall be given priority only from the date of each advance and not from the date the mortgage instrument was recorded. Thus, any mechanic's lien attaching before optional advances are made would have priority. They cite for authority *J. I. Kislak Mtg. Corp. v. William Matthews Bldr., Inc.*, 287 A.2d 686 (Del. Super. Ct. 1972), *aff'd* 303 A.2d 648 (Del. 1973).

We are of the opinion K.S.A. 58-2336 controls. That statute provides:

"Every mortgage or other instrument securing a loan upon real estate and constituting a lien or the full equivalent thereof upon the real estate securing such loan, according to any lawful or well recognized practice, which is best suited to the transaction, may secure future advances and *the lien of such mortgage shall attach upon its execution and have priority from time of recording as to all advances made thereunder* until such mortgage is released of record: *Provided*, That the lien of such mortgage shall not exceed at any one time the maximum amount stated in the mortgage." (Emphasis supplied.)

In our view, the language of K.S.A. 58-2336 is unambiguous and all-encompassing. We have examined *Ingram v. Ingram,* 214 Kan. 415, 521 P.2d 254 (1974); *Potwin State Bank v. Ward,* 183 Kan. 475; and *Security Stove & Mfg. Co. v. Sellards,* 133 Kan. 747, 3 P.2d 481 (1931), and find nothing inconsistent with our interpretation of K.S.A. 58-2336 that when advancements are made pursuant to a future advancement clause in a mortgage, the advancements have priority over liens which attach after the recording of the mortgage but before the making of the advances, irrespective of whether the advancements are designated as "optional" or "obligatory."

The lienholders also claim Fidelity would be unjustly enriched if Fidelity's mortgages are accorded priority as of their filing date, and that the lienholders were third-party benefi-ciaries of the agreement between Fidelity and the Witts. We deem the law settled in Kansas on those issues. *Holiday Devel-opment Co. v. Tobin Construction Co.,* 219 Kan. 701, 707-09, 549 P.2d 1376 (1976).

The trial court did not err in granting Fidelity's mortgage priority over the liens.

The lienholders also contend Fidelity's mortgage lien and fee title merged when the Witts deeded the real estate to Air Capitol Service Corporation (Air Capitol), a wholly owned subsidiary of Fidelity. The trial court specifically found that neither Fidelity nor the Witts intended for the conveyance of title to the real estate to cause a merger of the mortgage liens into the fee title, and that a merger would not be in the best interests of Fidelity. In addition, the trial court found Air Capitol is not the alter ego of Fidelity. On appeal the lienholders contend the trial court erred in so holding.

We are satisfied the trial court correctly determined that the mortgage did not merge with the fee title. It has long been the rule in Kansas that when a mortgagee acquires legal title to the property, a merger either does or does not occur, depending on the intent and desire of the parties and on whether the same would have been in the mortgagee's interest. *Kansas Seventh Day Adventist Conference Ass'n v. Williams,* 156 Kan. 555, Syl. ¶ 2, 134 P.2d 626 (1943); *Stacey v. Tucker,* 123 Kan. 137, Syl. ¶ 2, 254 Pac. 339 (1927); *Bank v. Bank,* 103 Kan. 865, Syl. ¶ 3,

176 Pac. 658 (1918); *Loan Association v. Insurance Co.*, 74 Kan. 272, Syl. ¶ 1, 86 Pac. 142 (1906); *Shattuck v. Bank,* 63 Kan. 443, Syl. ¶ 1, 65 Pac. 643 (1901); *McGraw v. Premium Finance Co. of Missouri,* 7 Kan. App. 2d 32, Syl. ¶ 4, 637 P.2d 472 (1981).

The agreement entered into between Fidelity and the Witts contains an express agreement that the mortgage would not be released or merged by reason of the title transfer. Having determined that the trial court did not err in finding no merger, it becomes immaterial whether Air Capitol is the alter ego of Fidelity.

Affirmed.