Robert W. Fairchild Douglas County Counselor 808 Massachusetts Street P.O. Box B Lawrence, Kansas 66044-8996
Dear Mr. Fairchild:
You request our opinion regarding application of the mortgage registration fee statutes to mortgages containing a future advance clause. You provide a list of scenarios that may occur with respect to future advance clauses and seek our response as to each. The first series of questions deals with close-ended future advance clauses:
 "1. If a mortgage securing an existing note of $300,000 contains a close-ended future advance clause, which provides that, the principal amount of the loan advances under such mortgage shall not exceed at any one time a maximum of $500,000 and mortgage registration tax has been paid on such $500,000, is additional mortgage registration tax due (and if so, how much) in the following situations:
 "a. If the original $300,000 principal indebtedness has been paid down to $50,000 and another $250,000 principal is advanced under the revolving line of credit on the original note secured by the mortgage?
 "b. If the original $300,000 principal indebtedness has been paid down to $50,000 and another $450,000 is advanced under a different note but secured by the some mortgage?
 "c. If the original $300,000 principal indebtedness has been paid down to $0.00 and then $500,000 is advanced under a different note but secured by the same mortgage?
 "d. If numerous such principal paydowns and readvances or future advances and readvances of future advances are made over a period of years without ever exceeding the $500,000 maximum at any one time (e.g. $250,000 of $300,000 paid, $450,000 advanced, $400,000 paid, $400,000 advanced, $300,000 paid, $300,000 advanced, $500,000 paid, $500,000 advanced) may such readvances or future advances or readvances of future advances be made without incurring additional mortgage registration tax?"
K.S.A. 1992 Supp. 79-3102 provides in part:
 "(a) Before any mortgage of real property, or renewal or extension of such a mortgage, is received and filed for record, there shall be paid to the register of deeds of the county in which such property or any part thereof is situated a registration fee of $.26 for each $100 and major fraction thereof of the principal debt or obligation which is secured by such mortgage and upon which no prior registration fee has been paid, except as provided in the following provision. In the event the mortgage states that an amount less than the entire principal debt or obligation will be secured thereby, the registration fee shall be paid on such lesser amount.
. . .
 "(d) No registration fee whatsoever shall be paid, collected or required for or on: . . . (3) any mortgage or other instrument upon that portion of the consideration stated in the mortgage tendered for filing which is verified by affidavit to be principal indebtedness covered or included in a previously recorded mortgage or other instrument with the same lender or their assigns upon which the registration fee herein provided for has been paid;. . . ."
Emphasis added.
In Halliburton Co. v. Board of Jackson County Commissioners,12 Kan. App. 2d 704, 711 (1988), the Kansas Court of Appeals discussed the amount of mortgage registration fees to be collected on a mortgage containing a close-ended future advance clause:
 "K.S.A. 1987 Supp. 79-3102(a) states, in part, the registration fee shall be based on the `principal debt or obligation which is secured by such mortgage.' Lygrisse [231 Kan. 595] makes it clear that the indebtedness up to the maximum limitation specified in the future advance clause of the mortgage is secured. Since future advances are secured, we conclude K.S.A. 1987 Supp. 79-3102 requires the registration fee be based on the maximum amount of possible secured indebtedness at the time of the registration as stated in the close-ended future advance clause of the mortgage."
In response to your first question, therefore, since the mortgage secures all initial and future advances up to a maximum of $500,000 and mortgage registration fee has been paid on $500,000, no additional fee will accrue as long as the mortgagee does not attempt to secure amounts beyond $500,000. See also Attorney General Opinion No. 91-81. [While not relevant as a matter of law, we note that with a revolving line of credit, the register of deeds would generally have no opportunity to assess additional mortgage registration fees unless the mortgage is refiled for some reason.]
The question then becomes whether it makes a difference that the future advances are made pursuant to a different note than that of the original advance. In First National Bank Trust Co. v. Lygrisse, 231 Kan. 595
(1982), the Kansas Supreme Court held:
 "Subsequent debts may be secured under the [future advance] clause of a real estate mortgage in either of two ways: (1) by specifically stating on the face of the new note that it is secured by the prior mortgage; or (2) by showing that the subsequent debt is of the same kind or character as, or part of the some transaction or series of transactions with, that originally secured by the mortgage." 231 Kan. 595, Syl. para. 1.
Thus, if the original mortgage, pursuant to a future advance clause, secures advances up to $500,000, future advances up to that amount, whether or not reflected by a new note, will not require additional mortgage registration fees as long as they are the type of advances secured by the original mortgage. All future advances secured by the original mortgage are part of the same debt or obligation secured by that original mortgage and thus no additional tax is imposed.
In the third scenario you depict, the debt is completely paid down and then a new advance is made, but is still secured by the same mortgage. Following the analysis above, no additional mortgage registration fee will be required as long as the original mortgage has not been released and the new note is clearly related to the original debt. Again, if the original mortgage secures this advance, the fee has already been paid and no additional tax is owing.
The answer to your fourth inquiry may be found in the answers to the first three. The number of transactions involved is irrelevant; what is relevant is the amount secured by the original mortgage in the future advance clause and that mortgage registration fees have been paid on that amount.
Your next series of questions involves open-ended future advance clauses:
 "2. If a mortgage securing an existing note of $300,000 contains an open-ended future advance clause, which states no limit on future loan advances and mortgage registration tax has been paid on the $300,000 amount, is additional mortgage registration tax due (and if so, how much) in the following situations:
 "a. If the original $300,000 principal indebtedness has been paid down to $50,000 and another $250,000 principal is advanced under the revolving line of credit on the original note secured by the mortgage?
 "b. If the original $300,000 principal indebtedness has been paid down to $50,000 and another $450,000 is advanced under a different note but secured by the same mortgage?
 "c. If the original $300,000 principal indebtedness has been paid down to $0.00 and then $500,000 is advanced under a different note but secured by the same mortgage?
 "d. If numerous such principal paydowns and readvances or future advances and readvances of future advances are made over a period of years without ever exceeding the $500,000 at any one time (e.g. $250,000 of $300,000 paid, $450,000 advanced, $400,000 paid, $400,000 advanced, $300,000 paid, $300,000 advanced, $500,000 paid, $500,000 advanced) may such readvances or future advances or readvances of future advances be made without incurring additional mortgage registration tax except upon refiling the mortgage the first time the principal balance becomes $500,000?"
The difference between a close-ended future advance clause and an open-ended future advance clause is discussed in Halliburton, supra. An open-ended future advance clause also secures all future advances made pursuant to that clause, but only up to the maximum amount stated in the mortgage. Thus, in your first scenario, no additional mortgage registration fees would be due, but under the second, third and fourth scenarios, a fee on $200,000 would be due if the mortgagee files an amended mortgage to secure the amounts over the $300,000 secured by the original mortgage. If a new mortgage is not filed, no additional fees are due, but amounts over the $300,000 secured by the original mortgage would not be secured.
Your final question concerns the continued validity of an opinion letter issued by Attorney General Vern Miller to Mr. Arthur J. Krannawitter on March 28, 1969 [VI Opinions of the Attorney General
690]. That opinion concluded that "whenever an additional advancement is made on the mortgage, a tax should be collected on such monies so advanced." To the extent it is inconsistent with the conclusions expressed in this opinion and Halliburton, the 1969 opinion is hereby withdrawn. We note, however, that the maximum amount stated in the mortgage discussed in the 1969 opinion appeared to be only $1.00. Thus the mortgagee would only have been secured up to $1.00 and any future advances would have been unsecured.
In conclusion, a mortgage containing a future advance clause secures initial and future advances up to the maximum amount stated in the mortgage as being secured. Thus, mortgage registration fees shall be imposed on the maximum amount stated as being secured and no additional fees shall be charged for future advances unless and until the mortgagee refiles the mortgage to secure more than the maximum amount stated as secured in the original mortgage.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm