Paul S. Gregory Osborne County Attorney 423 West Main, P.O. Box 160 Osborne, Kansas 67473
Dear Mr. Gregory:
As Osborne County Attorney, you request our opinion regarding mortgage filings by a county register of deeds, when the filing involves a multi-county mortgage. You note that "when the Register of Deeds for the first county receives the mortgage for filing, it receives the full mortgage registration fee, after which time the fee is apportioned among the other county(ies) based upon the appraised valuations." Thus, you ask "[a]t what time, then, can the mortgage be filed of record in the second or subsequent counties? Is the later county to wait for receipt of the apportioned fee before filing the document, or is the later county to file the document immediately, knowing that the proper mortgage registration fee is forthcoming?"
K.S.A. 79-3102(a) provides:
 "(a) Before any mortgage of real property, or renewal or extension of such a mortgage, is received and filed for record, there shall be paid to the register of deeds of the county in which such property or any part thereof is situated a registration fee of .26% of the principal debt or obligation which is secured by such mortgage. In the event the mortgage states that an amount less than the entire principal debt or obligation will be secured thereby, the registration fee shall be paid on such lesser amount."
K.S.A. 79-3105 sets forth the rules applicable when the mortgage includes as collateral real estate that is located in more than one county:[1]
 "When a mortgage covers property situated in two or more counties, the registration fee herein provided for shall be paid to the register of deeds and county treasurer as hereinbefore provided, of the county where it is first presented for record, and the county treasurer so receiving such fee shall apportion the same among the counties in which the real property is situated, based upon the respective county appraised valuations, and promptly pay over such proportionate amounts to the respective county treasurers. Should any contention arise as to the division and distribution of such registration fees, the same shall be referred to the state director of property valuation, who is hereby authorized and directed to decide the same, which decision shall be final."
Finally, K.S.A. 79-3107 establishes the rule with regard to mortgage filings that do not include payment of the registration fees:
 "Any mortgage of real property executed on or after March 1, 1925, on which the registration fee as herein provided has not been paid, shall not be filed for record by any register of deeds, and such mortgage shall not be received in evidence in any suit, action or proceeding, and no judgment, decree or order for the enforcement thereof shall be rendered, made or entered in or by any court in this state."[2]
The Kansas mortgage registration fee is a tax.[3] As such, statutory provisions concerning that fee, other than exemption provisions,[4] must be strictly construed in favor of the taxpayer.[5] "[T]ax statutes will not be extended by implication beyond the clear import of language employed therein, and their operation will not be enlarged so as to include matters not specifically embraced. The rule of strict construction means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter or ordinary English language is in it."[6]
"A mortgage is an interest in land created by a written instrument providing security for the performance of a duty or the payment of a debt."[7] An unrecorded mortgage is valid as between the parties.[8]
The purpose of publicly filing a mortgage is to provide third parties with notice of an interest in the property.[9] Generally, the first to record a mortgage has priority.[10] Payment of the mortgage registration fee is a revenue measure, not a recording device, and thus payment of the fee alone does not give notice, constructive or otherwise.[11] The timing of a mortgage filing can become extremely important if there are ever multiple claims made against the same real property.[12]
K.S.A. 79-3107 states that a register of deeds may refuse to file a mortgage if the registration fee has not been paid. However, this statute does not require a multi-county filing to be denied or delayed until the registration fee, which has been paid in full by the taxpayer, is properly apportioned between counties, under K.S.A. 79-3105. Rather, at the point the mortgage registration fee is paid in full, the entity filing the mortgage has done all that the law requires with regard to paying the required tax. Any remaining fee allocation duties, as to apportionment between counties, falls upon the counties themselves.
In reading the above referenced statutes in pari materia, and taking into consideration the purpose to be served by mortgage filings, it is our opinion that a register of deeds in a second county is not authorized to delay a filing for which the required mortgage registration fee has already been paid in full, albeit in another county, while the second county or subsequent register of deeds waits for the first county to pass along a portion of that fee. To so delay the filing could invite a mandamus action, or a claim against the delaying register of deeds based upon prejudice to or impairment of a secured interest.[13] If the register of deeds in a second or subsequent county has received sufficient evidence that the mortgage registration fee has been paid in full in the first county, that public officer should then timely file the mortgage. Any dispute or claim between the county officials should be pursued without penalizing the innocent tax payer who wishes to file in multiple counties and has done all that the law currently requires.[14]
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] K.S.A. 79-3106 contains the rules when the mortgaged property includes real estate located within and outside the state of Kansas.
[2] Emphasis added.
[3] Misco Industries, Inc. v. Board of Sedgwick County Commissioners,235 Kan. 958, 961 (1984); Meadowlark Hill, Inc. v. Kearns, 211 Kan. 35,40 (1973); Missouri Pacific Railroad Co. v. Deering, 184 Kan. 283, 286
(1959); Assembly of God v. Sangster, 178 Kan. 678, 679 (1955); HomeOwners Loan Corp. v. Anderson, 145 Kan. 209, 210 (1937).
[4] Board of Sedgwick County Comm'rs v. Action Rent to Own, Inc.,266 Kan. 293, 301 (1998).
[5] In re Emporia Motors, Inc., Kan., 44 P.3d 1280, 1283 (Kan.App. 2002).
[6] Director of Taxation v. Kansas Krude Oil Reclaiming Co.,236 Kan. 450, 455 (1984), quoted in Appeal of Alex R. Masson, Inc.,21 Kan. App. 2d 863, 868 (1995).
[7] Blacks Law Dictionary 911 (5th ed. 1979). See also K.S.A. 79-3101.
[8] K.S.A. 58-2223. See also Ingram v. Ingram, 214 Kan. 415 (1974).
[9] Attorney General Opinion No. 87-162; 55 Am.Jur.2d Mortgages § 307 (1996).
[10] K.S.A. 58-2223. Bankwestern v. Henderson, 255 Kan. 343 (1994).
[11] Halliburton Co. v. Board of County Commissioners for JacksonCounty, 12 Kan. App. 2d 704 (1988).
[12] See Prairie State Bank v. Superior Housing, Inc.,30 Kan. App. 2d 273 (2002).
[13] See Halliburton Co. v. Board of County Commissioners for Jackson
County, 12 Kan. App. 2d 704 (1988) (register of deeds is required, upon request, to immediately file for record any written instrument affecting real estate). See also Attorney General Opinion No. 82-164.
[14] K.S.A. 79-3105 provides a dispute resolution procedure, involving the state director of property valuation, that may be used to assist counties in resolving any conflict between them as to the correct allocation of mortgage registration fees.